IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA VASICH, individually and on behalf of all others similarly situated<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, a municipal corporation<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CLASS ACTION COMPLAINT<br><br>Case No.:<br><br>**COMPLAINT** |

Samantha Vasich (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief against Defendant, the City of Chicago ("City" or "Defendant"):

**I.    NATURE OF THE CLAIM**

1. This is an action brought to remedy discrimination in employment on the basis of gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq*. The action seeks declaratory and injunctive relief, and back pay and other equitable make whole relief both to secure future protection and to redress the past deprivation of rights secured to Plaintiff and the Class under Title VII.

2. The City hires and employs firefighters for the Chicago Fire Department ("CFD").

3. Twenty five years ago, under pressure from the U.S. Department of Justice, the City hired its first ever female firefighters. On information and belief, today, twenty five years later, there are only 116 women in the CFD, "representing just over 2 percent of the department of more than 5,000" members. "25 Years of Courage," *Chicago Tribune*, June 26, 2011.

4. A major impediment to the appointment of female firefighters is the physical abilities test ("PAT") that the City administers to firefighter candidates.

5. The current PAT is comprised of four "events," three of which the City has used in its hiring test since 1996. In 2007, the City added a fourth component to the PAT that was transplanted from the CFD paramedics hiring test which also had significant adverse impact on women.

6. The PAT has an adverse impact upon female applicants, is not job related for the position in question, is not justified by any legitimate business need or interest of the City, does not otherwise meet the requirements of Title VII, and accordingly, violates Title VII.

7. The City has been aware of this adverse impact since as early as 1996, prior to the initial administration of the current PAT to firefighter applicants. Yet, the City chose to administer the PAT and utilize its results for hiring firefighters, despite its adverse impact on women. Since learning of the PAT's adverse impact on women, the City has continued to administer it from 1996 to the present despite the availability of less discriminatory alternatives. In fact, the City chose to add an additional component to the PAT even though it knew that the additional component had significant adverse impact on women.

8. Every administration of the PAT since 1996 has resulted in a disparate impact on women.

9. On information and belief, the City has never explored or considered less discriminatory alternatives to the PAT.

10. At the time the City decided to adopt and began using the PAT, there were less discriminatory alternative PATs available which the City refused to adopt.

11. Moreover, the City has continued to use and refused to adopt a less discriminatory PAT even though less discriminatory PATs which are at least as job related are available.

12. On information and belief, the City has utilized the PAT with the intention of discriminating against female applicants or with reckless disregard of the fact that the PAT and its use have that unlawful effect.

13. Plaintiff seeks: (a) declaratory and injunctive relief, including but not limited to the issuance of a classwide judgment declaring that the policies, practices, and/or customs described herein violate federal law; (b) injunctive relief to halt the practice of using a selection procedure—the PAT—which adversely impacts female applicants; (c) an order establishing procedures to correct the present effects of the City's discriminatory policies and practices; and (d) back pay and other equitable relief to

make whole female applicants for CFD firefighter positions who have been injured by Defendant's unlawful hiring practices.

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Plaintiff has been at all times relevant herein a resident of the City of Chicago, County of Cook, State of Illinois. The acts that gave rise to the claims alleged in this Complaint occurred in Illinois and in this District.

## III. EXHAUSTION OF ADMINISTRATIVE REQUIREMENT

16. Plaintiff has fulfilled all administrative prerequisites necessary to maintain this action.

17. On April 23, 2010, Plaintiff Vasich filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") charging the City with discrimination against her on the basis of sex by administering a PAT that disqualified her and a disproportionate number of other women. A true and accurate copy of Ms. Vasich's EEOC complaint is attached hereto as Exhibit 1.

18. On June 23, 2011, Plaintiff Vasich received notification of right to sue from the EEOC. A true and accurate copy of Ms. Vasich's right to sue notice is attached hereto as Exhibit 2.

## IV. PARTIES

### A. Plaintiff

19. Plaintiff Samantha Vasich is a female. She is and was at all times relevant herein a resident of the City of Chicago, County of Cook, State of Illinois.

### B. Defendant

20. The City is and was at all times relevant herein a municipal corporation organized and existing under the laws of Illinois. The City is and was at all times relevant herein an employer as defined by Title VII.

## V. GENERAL POLICES OR PRACTICES OF DISCRIMINATION

21. In order to obtain a firefighter position with the City, a candidate must meet all other requirements and take and pass a PAT.

22. The current PAT, involves four components: arm lift; arm endurance; hose drag/high rise pack carry; and leg lift. The arm lift, arm endurance and hose drag/high rise pack carry have been used in the PAT since 1996. The leg lift was transplanted into the PAT from the paramedics test in 2007. The City set a minimum cut-off score and fails applicants whose scores fall below the cut-off.

23. On average, female applicants for the firefighter position fail the PAT at a higher rate than male applicants. This observed disparity in pass/fail rates by gender is statistically significant both in the aggregate and for each PAT the City has administered.

24. There is no empirical data demonstrating that the PAT is predictive of or significantly correlated with important elements of job performance. The individual physical abilities tested by the PAT have not been proven to be underlying factors for performing essential or critical physical functions of the job of firefighter (that is, the PAT does not have demonstrated construct validity).

25. The PAT has not been shown to be predictive of or significantly correlated with important elements of job performance. The individual physical abilities tested by the PAT have not been proven to be underlying factors for performing essential or critical physical functions of the job of firefighter (that is, the PAT does not have demonstrated construct validity).

26. The PAT has not been shown to be predictive of who can and cannot perform the essential or critical physical functions of the job of firefighter (that is, the PAT does not have demonstrated criterion validity).

27. The PAT has not been scientifically validated as it neither has construct validity, criterion validity, nor has been shown to be an accurate and reliable measure of the fitness areas tested.

28. The City has a long history of denying equal employment opportunity through the use of discriminatory testing procedures in the CFD, in violation of Title VII of the Civil Rights Act. *See, e.g.*, *Lewis v. City of Chicago*, Case No. 98-C-5596 (N.D. Ill. Mar. 22, 2005); *United States v. Albrecht*, Nos. 73 C 661, 80 C 1590 (N.D. Ill.).

## VI. CLAIMS OF REPRESENTATIVE PLAINTIFF

29. Plaintiff applied to be a firefighter with CFD in 2006.

30. Plaintiff met all of the eligibility criteria for becoming a firefighter, passed the written examination, and was placed on a list of persons eligible for hire as a firefighter subject to further processing.

31. Plaintiff is and was fully capable of all physical requirements to perform the job of a City of Chicago firefighter.

32. In 2009, Plaintiff was directed to report for the PAT test on January 13, 2010.

33. To prepare for the PAT, Plaintiff hired a personal trainer who devised a training plan that would allow her to successfully perform the different test components as described in the City's pre-test materials. For example, Plaintiff, under the supervision of her trainer, wore a vest filled with weights while working out on a stair climber to prepare for the PAT's modified stair climb. Plaintiff also dragged a bag of sand around a gym floor to prepare for the PAT's hose drag test. Plaintiff was able to successfully perform these training activities.

34. Because the testing booklet that the City sent to Plaintiff in preparation for the PAT stated that viewing a test preparation DVD was "extremely important," Plaintiff also viewed the test preparation DVD. The DVD showed both men and women performing stretching and other exercises and the PAT. However, the actual footage of firefighters on the job appeared to portray only male firefighters.

35. On January 13, 2010, Plaintiff took the PAT. Plaintiff performed each of the testing activities according to the specified guidelines.

36. On February 2, 2010, Plaintiff received a letter stating that she had failed the physical abilities test and would be removed from the firefighter eligibility list. The letter did not identify her overall score or her score on any component part of the test or indicate which component(s) she had allegedly failed.

37. Because the February 2, 2010 letter contained no information about her test results, Plaintiff called the CFD's personnel department. The person with whom Plaintiff spoke told Plaintiff that she could not provide any additional information about Plaintiff's test results, that a private company handled the testing, and that she would not tell Plaintiff the name of that private company.

38. As a direct and proximate result of the action of the City, Plaintiff was not hired as a firefighter and has sustained and continues to sustain lost wages and other benefits of employment.

## VII. CLASS ACTION ALLEGATIONS

39. Plaintiff brings this Class Action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and (c)(4) on behalf of a Class of all female applicants for the CFD firefighter position who took and failed the PAT at any time from June 27, 2009 and continuing to the present ("the class liability period").

40. Plaintiff is a member of the Class she seeks to represent.

41. The members of the Class identified herein are so numerous that joinder of all members is impracticable. Although Plaintiff does not know precisely how many women have failed to receive firefighter positions due to the adverse impact of the PAT, their number is far greater than can be feasibly addressed through joinder. Identification of the individual class members can be determined from the City's testing records.

42. There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members. Common questions include, among others: (1) whether the City used a discriminatory employment practice by administering a PAT that had a disparate impact on female applicants for the firefighter position; (2) whether the City's use of the PAT was job related for the firefighter position; (3) whether the cut-off score used by the City to determine whether an applicant passed or failed the PAT was a business necessity; (4) whether the City failed to consider and has refused to use an available less discriminatory alternative PAT; (5) whether the City has intentionally discriminated against female applicants by using the PAT; (6) whether the City's policies and/or practices violate Title VII; and (7) whether equitable and injunctive relief for the Class is warranted.

43. Plaintiff's claims are typical of the claims of the Class. Plaintiff, like other members of the Class, has suffered from the City's discriminatory hiring practices in that she was prevented in obtaining employment as a firefighter with the CFD.

44. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. The named Plaintiff has a strong personal interest in the outcome of this action, has no

conflicts of interest with members of the Class, and will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof. Counsel for Plaintiff have the resources, expertise, and experience to prosecute this action.

45. Plaintiff and the Class she seeks to represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiff and the Class she seeks to represent are now suffering, and will continue to suffer, irreparable injury from the City's discriminatory acts and omissions.

46. The City's actions have caused and continue to cause Plaintiff and all Class members substantial losses in earnings and other employment benefits.

47. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because the City has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The Class members are entitled to injunctive relief to end the City's common, uniform, unfair, and discriminatory polices and/or practices.

48. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) for determination of the damage claims of individual class members because the issue of liability is common to the class and the common nucleus of operative facts forms the central issue which predominates over individualized issues of proof. The primary question common to the class is whether the City discriminated on the basis of sex by utilizing the PAT. This question is so central to the case that it predominates over any individual issues among the members of the proposed class. The City also engaged in a common course of conduct—administering the PAT to firefighter applicants—against all members of the proposed class. Class certification under Rule 23(b)(3) would be superior to other methods for fair and efficient resolution of conflict because certification would avoid the need for repeated litigation by each individual class member.

49. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(c)(4) for determination of particular issues of classwide liability raised by Plaintiff's disparate impact and

disparate treatment claims. Class certification pursuant to Rule 23(c)(4) is also appropriate to litigate Plaintiff's claims for prospective classwide compliance and affirmative injunctive relief necessary to eliminate the City's discrimination against female firefighter applicants.

**FIRST CLAIM FOR RELIEF**
**(Disparate Impact)**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)** *et seq.***)**
**(On Behalf of Plaintiff and the Class)**

50. Plaintiff incorporates by reference the preceding paragraphs as alleged above.

51. This Claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent.

52. Throughout the class liability period, the City has used an employment practice, i.e., the PAT, that has a disparate impact on the basis of sex that is neither job related for the firefighter position nor consistent with business necessity. The foregoing conduct constitutes unlawful discrimination in violation of 42 U.S.C. §§ 2000 *et seq.*

53. Throughout the class liability period, the City has failed and refused to use available alternative PATs that are valid and less discriminatory.

**SECOND CLAIM FOR RELIEF**
**(Disparate Treatment)**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)** *et seq.***)**
**(On Behalf of Plaintiff and the Class)**

54. Plaintiff incorporates by reference the preceding paragraphs as alleged above.

55. This Claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent.

56. Throughout the class liability period the City has discriminated against female applicants on the basis of sex by knowingly using an employment practice, i.e., the PAT, that causes a disparate impact on the basis of sex that is neither job related for the firefighter position, nor consistent with business necessity with the intended result that otherwise qualified female applicants for the firefighter position have been disproportionately prevented from becoming firefighters for the City. The foregoing conduct constitutes unlawful discrimination in violation of 42 U.S.C. §§ 2000 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

57. Certification of the case as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (3), and (c)(4);

58. Designation of Plaintiff Vasich as a representative on behalf of the Class;

59. Designation of Plaintiff's counsel as Class counsel;

60. A declaratory judgment that the practices complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*;

61. A preliminary and permanent injunction against the City and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in the unlawful policies, practices, customs, and usages set forth herein;

62. An order requiring the City to adopt a valid, non-discriminatory method for determining whether firefighter candidates are physically capable of performing the job;

63. An order requiring the City to hire Plaintiff and Class members as firefighters with retroactive seniority and benefits to the date on which they would have been hired but for the City's actions, or in lieu of reinstatements, an order for front pay and benefits;

64. An order awarding Plaintiff and the Class back pay (including interest and benefits);

65. An order awarding Plaintiff and the Class their costs, including reasonable attorneys' fees as provided for in 42 U.S.C. § 2000e-5(k);

66. An order awarding Plaintiff and the Class pre-judgment and post-judgment interest, as provided by law; and

67. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: July 19, 2011 Respectfully submitted,

  /s Marni Willenson
MARNI WILLENSON
WILLENSON LAW, LLC
marni@willensonlaw.com
542 S. Dearborn St., Suite 610
Chicago, IL 60605
(312) 546-4910; (312) 261-9977 (Fax)

TERESA DEMCHAK, CA Bar No. 123989
tdemchak@gdblegal.com
DAVID BORGEN, CA Bar No. 099354
dborgen@gdblegal.com
LIN CHAN, CA Bar No. 255027
lchan@gdbelgal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
    DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

SUSAN P. MALONE
malonelaw@sbcglobal.net
20 N. Clark Street, Suite 1725
Chicago, IL 60602
(312) 726-2638

Attorneys for Plaintiff