EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SAMANTHA VASICH, RASHAUNDA DOOLEY, ANGELA MINNICK, JANIECE THEEKE, KATRINA BASIC, and JESSICA EVANS individually and on behalf of all others similarly situated, and KIMBERLY BAILEY, HAYLEY STAFEN, and JENNIFER ROCCASALVA, individually | |
| | Case No.: 1:11-cv-04843 |
| Plaintiffs, | Magistrate Judge Maria Valdez |
| vs. | |
| CITY OF CHICAGO, a municipal corporation | |
| Defendant. | |

## JOINT STIPULATION AND CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT 1                                      FINAL SETTLEMENT STIPULATION

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................................ i

ARTICLE I. INTENTION OF THE PARTIES............................................................................. 3

ARTICLE II. LITIGATION BACKGROUND............................................................................. 4

ARTICLE III. DEFINITIONS...................................................................................................... 6

ARTICLE IV. SETTLEMENT CLASS CERTIFICATION ........................................................ 19

ARTICLE V. PAYMENTS .......................................................................................................... 20

    A.    Total Settlement Sum.......................................................................................... 20

    B.    Service Awards to Settlement Class Representatives.......................................... 20

    C.    Settlement Class Member Backpay Award. ....................................................... 21

    D.    Individual Backpay Award. ................................................................................ 21

    E.    Calculation of Classwide Backpay Award. ........................................................ 22

    F.    Pay Adjustment For Individual Crossover Plaintiffs. ......................................... 22

    G.    No Further Payment Obligation........................................................................... 22

    H.    Tax Forms. .......................................................................................................... 23

    I.    No Tax Advice. ................................................................................................... 23

ARTICLE VI. DISCONTINUANCE OF PAT ............................................................................ 23

ARTICLE VII. HIRING PROCESS FOR SETTLEMENT CLASS MEMBERS ....................... 24

    A.    Agreement to Hire All Qualified Plaintiffs and Settlement Class Members. ....... 24

    B.    Shortfall Hires..................................................................................................... 25

    C.    Hiring Process..................................................................................................... 25

ARTICLE VIII. CONDITIONS TO SETTLEMENT ................................................................. 31

ARTICLE IX. COURT APPROVAL OF NOTICE TO THE SETTLEMENT CLASS.............. 32

    A.    Preliminary Approval.......................................................................................... 32

i

EXHIBIT 1                                          FINAL SETTLEMENT STIPULATION

ARTICLE X. CLASS NOTICE AND CLAIMS PROCEDURE ................................................. 33

    A.     The Claims Administrator's Role. .......................................................................... 33

    B.     Settlement Class Members' Duties. ....................................................................... 36

ARTICLE XI. PROCEDURE FOR REQUESTING EXCLUSION AND OBJECTING TO
THE SETTLEMENT ................................................................................................................ 37

    A.     Opt Outs. ................................................................................................................ 37

    B.     Objections. ............................................................................................................. 38

    C.     The City's Right to Terminate. .............................................................................. 38

    D.     Processing of Requests for Exclusion and Objections. ......................................... 38

ARTICLE XII. MOTION FOR FINAL APPROVAL AND FINAL APPROVAL
HEARING ................................................................................................................................ 39

    A.     Motion for Final Approval. .................................................................................... 39

    B.     Final Judgment. ..................................................................................................... 40

    C.     Fulfillment and Completion of Final Judgment. ................................................... 41

ARTICLE XIII. TERMINATION OF SETTLEMENT ............................................................ 42

    A.     Right to Withdraw. ................................................................................................ 42

    B.     Effect of Attorneys' Fees. ..................................................................................... 43

    C.     Administrative Expenses. ..................................................................................... 43

    D.     Payment of Attorneys' Fees. ................................................................................ 43

    E.     Reversion to Status Prior to Settlement. ............................................................... 43

ARTICLE XIV. RELEASES ..................................................................................................... 44

    A.     Release by Operation of Final Judgment. ............................................................. 44

    B.     Settlement Class Representatives Release. ............................................................ 44

    C.     Proof of Claim to Release. .................................................................................... 44

    D.     Full and Complete Release. ................................................................................... 44

E.    Endorsement Release. ........................................................................... 45

ARTICLE XV. PRELIMINARY TIMELINE FOR COMPLETION OF SETTLEMENT ......... 45

ARTICLE XVI. ATTORNEYS' FEES ........................................................................ 46

ARTICLE XVII. NO ADMISSION OF LIABILITY OR WRONGDOING;
INADMISSIBILITY OF SETTLEMENT ..................................................................... 46

ARTICLE XVIII. CONSENT TO MAGISTRATE JUDGE JURISDICTION ........................... 47

ARTICLE XIX. MISCELLANEOUS PROVISIONS ...................................................... 47

A.    Recitals and Definitions. ..................................................................... 47

B.    Voiding or Modifying the Settlement Agreement. ................................ 47

C.    Parties' Authority. .............................................................................. 47

D.    Mutual Full Cooperation. .................................................................... 48

E.    Notices. .............................................................................................. 48

F.    Successors and Assigns. ...................................................................... 49

G.    Third Parties. ...................................................................................... 50

H.    Captions and Interpretations. .............................................................. 50

I.    Integration Clause. .............................................................................. 50

J.    No Prior Assignments. ........................................................................ 51

K.    Settlement Class Member Signatories. ................................................ 51

L.    Counterparts. ...................................................................................... 51

M.    Jurisdiction and Venue. ....................................................................... 52

EXHIBIT 1                                   FINAL SETTLEMENT STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiffs Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic, and Jessica Evans (the "Settlement Class Representatives"), individually and on behalf of all others similarly situated, and Kimberly Bailey, Hayley Stafen and Jennifer Roccasalva, individually (the "Individual Plaintiffs") (collectively, the Settlement Class Representatives, the Individual Plaintiffs and the Settlement Class Members as defined herein are sometimes referred to in this Settlement Agreement as "Plaintiffs"), and defendant the City of Chicago (the "City"), jointly referred to herein as the "Parties," as follows:

## RECITALS[1]

WHEREAS, Plaintiffs have filed and prosecuted a Complaint and three Amended Complaints alleging that the City's pre-hire physical abilities test for firefighter/emergency medical technician applicants discriminated against female applicants;

WHEREAS, Plaintiffs have claimed, and continue to claim, that each and all of the contentions asserted by them is meritorious;

WHEREAS, the City has decided it will utilize on an interim basis the Candidate Physical Ability Test as a pre-hire physical ability test for Firefighter/EMT applicants and has initiated the process of implementing its use of such test;

WHEREAS, after considering the potential benefits of settlement and delay in achieving instatement into the position for the Individual Plaintiffs and Settlement Class Members through litigation; the length of time which may necessary to continue the Action through trial and the appeals that might follow; the uncertainty inherent in any complex litigation; and the substantial benefits of the Settlement for the Settlement Class Members, including the fact that even if the

---

[1] Capitalized terms are defined in Article III of this Joint Stipulation and Class Action Settlement Agreement.

EXHIBIT 1                                            FINAL SETTLEMENT STIPULATION

Settlement Class Members ultimately prevailed in their claims, there is no guarantee that they would receive any greater recovery than they will receive from the Settlement, Plaintiffs and Plaintiffs' Counsel have concluded that the proposed Settlement on the terms and conditions of this Settlement Agreement is fair, reasonable, and adequate and is in the best interests of the Settlement Class;

WHEREAS, Defendant denies the allegations in the Action, and denies any fault, wrongdoing, or liability related in any way to the physical abilities test or its administration;

WHEREAS, Defendant is electing to enter into this Settlement Agreement because, after consideration of: (a) the risks of potential liability the City could face should this matter proceed through trial and should Plaintiffs successfully prosecute their claims; (b) the benefit to the City of hiring a diverse group of individuals into the position of Firefighter/EMT; and (c) the City's immediate need to hire qualified Firefighter/EMTs, the Settlement would eliminate the burden, inconvenience and expense of further litigation and disputes concerning the alleged conduct, and achieve a release and resolution;

WHEREAS, the Settlement contemplated by this Settlement Agreement is the product of extensive, good faith, and arm's length negotiation between Plaintiffs' Counsel and Defendant's Counsel;

NOW, THEREFORE, in consideration of the foregoing Recitals and the agreements, covenants, representatives and warranties set forth herein, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Released Claims shall be finally and fully compromised, settled, released and forever discharged as to the Released

2

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

Parties, and this Action shall be dismissed with prejudice upon and subject to the following terms and conditions:

**ARTICLE I.**
**INTENTION OF THE PARTIES**

1.      The Settlement Agreement and all associated exhibits and attachments made and entered into by and between the Parties, each with the assistance of their respective counsel, is intended to fully, finally, and forever settle, compromise and discharge the Released Claims against the Released Parties arising from or related to the Action, subject to the terms and conditions set forth herein. The Settlement Agreement supersedes any and all prior agreements of the Parties concerning settlement of the Action and any memoranda of understanding or term sheets containing such agreements.

2.      Because this Action was pled as a class action, the Settlement must receive preliminary and final approval by the Court. Accordingly, the Parties enter into this Settlement Agreement on a conditional basis.

3.      If any event constituting a Condition to Settlement as set forth in Article VIII hereof is not met, this Settlement Agreement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court or any other court with jurisdiction over the Action, the Settlement Agreement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, further proceedings in this Action, including proceedings to determine whether class certification would be appropriate in any other context in this Action, or in any other judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural, and none of the Parties will be

3

EXHIBIT 1                                          FINAL SETTLEMENT STIPULATION

deemed to have waived any claims, objections, defenses, privileges or arguments including but not limited to issues of class certification, the merits of Plaintiffs' claims or the City's defenses.

4.      This Settlement Agreement reflects offers of compromise and, pursuant to Federal Rules of Evidence 408 and any similar federal, state or local statute or rule, neither its acceptance by the Parties nor its filing with the Court shall, in themselves, render this Settlement Agreement admissible in evidence in any other proceeding, subject to the limited exception that it shall be admissible in an action or proceeding to approve, interpret or enforce this Settlement Agreement. The Parties agree that this paragraph is not intended to limit in any way any protections afforded by Federal Rules of Evidence 408 or any similar, applicable federal, state or local statute or rule regarding admissibility of the Settlement Agreement.

### ARTICLE II.
### LITIGATION BACKGROUND

1.      Beginning in 2008, following the administration of the City's physical ability test for applicants seeking hire as Firefighter/EMTs, several Settlement Class Representatives and Individual Plaintiffs filed charges with the Equal Employment Opportunity Commission alleging generally that the physical ability test discriminated against them and other female candidates in violation of Title VII of the Civil Rights Act of 1964.

2.      On July 19, 2011, Settlement Class Representative Samantha Vasich filed the Action in the United States District Court for the Northern District of Illinois on behalf of herself and a class of female applicants for Firefighter/EMT positions with the Chicago Fire Department ("CFD"), who failed a physical abilities test ("PAT") given by the CFD to all Firefighter/EMT applicants. The case originally was assigned to the Honorable Rubin Castillo and later was transferred to the Honorable John J. Tharp, Jr.  On October 11, 2012, Judge Tharp granted the

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

Plaintiffs leave to file their Third Amended Complaint, which is the operative pleading. The Third

Amended Complaint asserts claims against the City on behalf of the Settlement Class

Representatives, the Individual Plaintiffs and a proposed class.

3.      The Third Amended Complaint alleges that the PAT has a disparate impact on

female applicants and that its use constituted disparate treatment against female Firefighter/EMT

applicants.

4.      In its answers to the original Complaint, the Second Amended Complaint and Third

Amended Complaint, the City denied the material allegations of Plaintiffs' claims.

5.      On June 12, 2012, the City moved for partial summary judgment to limit the class

period to June 27, 2009 to April 23, 2010 and strike the Plaintiffs' Prayer for Prospective Injunctive

Relief.  On November 1, 2012, the City moved to dismiss Count II of the Third Amended

Complaint, which alleges disparate treatment.  On January 7, 2013, Judge Tharp granted in part the

City's Motion for Partial Summary Judgment limiting the class period to actions taken after June

2009, denied the City's Motion for Partial Summary Judgment to strike the Prayer for Prospective

Injunctive Relief and denied the City's Motion to Dismiss Count II of the Third Amended

Complaint alleging disparate treatment.

6.      The Parties have exchanged documents both informally and formally, and have

conducted written discovery.  During the course of the litigation, the City produced to Plaintiffs

thousands of pages of documents, including testing results and other data.  The Plaintiffs took the

depositions of two CFD personnel on issues relating to the City's Motion for Summary Judgment.

7.      The Parties participated in settlement conferences with the Honorable Maria

Valdez, Magistrate Judge, on February 26, 2013, March 22, 2013, April 10, 2013, April 11, 2013,

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

July 8, 2013, and July 18, 2013. At the April 11, 2013 settlement conference, with the assistance

of Magistrate Judge Valdez, the Parties agreed to settle the Action. On July 8 and 18, 2013, the

Parties attended additional settlement conferences with Magistrate Judge Valdez to resolve the

remaining settlement issues that arose as they attempted to document their agreement. Through

these five sessions, the Parties agreed to settle the Action on the terms which are more fully set

forth in this Settlement Agreement.

8.      It is desire of the Parties to fully, finally, and forever settle, compromise, and

discharge all disputes and claims against the Released Parties arising from or related to the Action

and that this Settlement Agreement shall constitute a full and complete settlement and release of all

the Released Parties from all of the Released Claims alleged or could have been alleged in the

Action.

### ARTICLE III.
### DEFINITIONS

1.      "2006 Eligibility List" means the list maintained by the City's Department of

Human Resources of individuals who (a) took the written examination in 2006 administered to

applicants for the position of Firefighter/EMT and (b) were deemed qualified to be considered for

the position of Firefighter/EMT as a result of their score.

2.      "2013 Class" means the next CFD Fire Academy class for Firefighter/EMT

candidates, currently anticipated to begin on or about November 1, 2013.

3.      "2014 Class" means the first CFD Fire Academy class for Firefighter/EMT

candidates to begin in 2014, currently anticipated to begin on or before March 31, 2014.

4.      The "Action" means the lawsuit entitled *Vasich, et al. v. City of Chicago*, No. 11 cv

04843, pending in United States District Court for the Northern District of Illinois.

6

EXHIBIT 1                                        FINAL SETTLEMENT STIPULATION

5.      "Administrative Expenses" means all expenses arising out of the administration of the Settlement, including but not limited to, the cost of the Claims Administrator, the cost of preparing and mailing Class Notice, the cost of publication of Summary Class Notice, the cost of creating and maintaining a website to post relevant information regarding the Claims Administration Process, and any other costs attendant to the administration of the Settlement as may be agreed to by the Parties and approved by the Court as necessary to effectuate the Settlement or the Claims Administration Process.

6.      "Backpay Award" means an Individual Backpay Award or a Settlement Class Member Backpay Award.

7.      "CFD" means the Chicago Fire Department, including all of its officers, employees, agents, attorneys, representatives, assigns, successors or predecessors.

8.      "City" means the City of Chicago, an Illinois municipal corporation.

9.      "City-Funded CPAT Testing" means (a) the station orientation, practice tests and CPAT administration at either NIPSTA or SUFD, at the City's expense, where Settlement Class Members have chosen to participate in such testing; or (b) testing at CPAT-licensed facility for which reimbursement from the City is sought pursuant to Article VII hereof.

10.      "Claim" means the right to the amount of consideration to which each Claimant is entitled to receive pursuant to this Settlement Agreement.

11.      "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner and within such time as the Court may prescribe, which establishes that Settlement Class Member is entitled to participate in the Settlement.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

12.     "Claims Administrator" means Class Action Administration, Inc. of Colorado retained by Defendant's Counsel and on behalf of the City and approved by the Court to issue the Class Notice to the Settlement Class as provided for herein; publish the Summary Class Notice; collect and process Proofs of Claim as provided for herein; collect and process Requests for Exclusion as provided for herein; establish and maintain the Website; issue payments to Claimants as provided for herein or other duties and responsibilities as agreed to by the Parties and approved by the Court necessary to effectuate the Claims Administration Process.

13.     "Claims Administration Process" means the process detailed in Article X.

14.     "Claims Administration Services" means the services to be performed by the Claims Administrator.

15.     "Class Notice Mailing Deadline" means a date to be set by the Court through the Preliminary Approval Order no later than 30 days following the latter of entry of the Preliminary Approval Order or approval of the Settlement by the City Council of Chicago.

16.     "Class Notice Response Deadline" means a date to be set by the Court through the Preliminary Approval Order no earlier than 60 days following Class Mailing Deadline.

17.     "Class Notice" means a notice to be submitted for approval by the Court substantially in the form attached hereto as Exhibit A, and which will advise Settlement Class Members of the terms of the Settlement and their right to file a Claim, object to the proposed settlement terms and exclude themselves from the Settlement Class.

18.     "Classwide Backpay Amount" means the One Million, Five Hundred Ninety Thousand, Twenty-Three Dollars ($1,590,023) to be paid collectively to Non-Hired Settlement Class Members other than Individual Backpay Recipients.

8

EXHIBIT 1                                          FINAL SETTLEMENT STIPULATION

19.    "CPAT" means the Candidate Physical Ability Test, as licensed by the International Association of Fire Fighters.

20.    "CPAT Card" means a document issued by a facility licensed by the IAFF to administer the CPAT, indicating that the individual has passed the CPAT.  To be valid, the CPAT Card must identify the date on which the individual passed the CPAT.  To be accepted by CFD as evidence of an applicant's physical ability to perform the essential job functions of Firefighter/EMT, the CPAT Card must have a date less than one year before the date on which the applicant begins the CFD Fire Academy.  However, a CPAT Card indicating a pass date of July 1, 2013 or after will be accepted for the purposes of hiring for the 2013 Class or 2014 Class.

21.    "CPAT Completion Date" means for Settlement Class Members other than Crossovers, the date by which a Settlement Class Member must present to CFD a valid CPAT Card, or present evidence to CFD through SUFD or NIPSTA of successful completion of CPAT, as set forth in detail in Article VII hereof.

22.    "Court" means the United States District Court for the Northern District of Illinois.

23.    "Crossovers" means Settlement Class Members eligible to be trained in the CFD Academy  as firefighters who currently are employed by the CFD as paramedics.

24.    "Crossover Hiring Standards" means CFD's pre-hiring requirements which include: (i) compliance with the residency obligations in Municipal Code of Chicago Section 2-152-050; (ii) compliance with the age requirements of Municipal Code of Chicago Section 2-152-410(e), subject to Article XIB(c) hereof with respect to Individual Plaintiffs and Settlement Class Representatives; (iii) passing of the CPAT; (iv) attendance and participation at all stages of Hiring Processing; (v) submission of all documents required by CFD; and (vi) successful completion of

9

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

drug screens and the stress test portion of the medical examination, which CFD paramedics applying to became Firefighters are customarily required to take.

25.     "Defendant" means the City of Chicago.

26.     "Defendant's Counsel" means the law firm of Shefsky & Froelich Ltd., 111 East Wacker Drive, Suite 2800, Chicago, IL 60601.

27.     "Deferred Settlement Class Members" means Settlement Class Members who, despite Priority Processing, have not completed Pre-Hiring Processing fourteen (14) days before Final Processing for the 2014 Class.  "Deferred Settlement Class Members" includes Settlement Class Members who, due to pregnancy, childbirth or other short-term disability, are or will be unable to complete CPAT testing on or before December 31, 2013.  Deferred Settlement Class Members who provide CFD with evidence of their pregnancy or other short-term disability on or before September 1, 2013 may elect at such time to defer to a possible second 2014 Fire Academy class and may submit their CPAT Cards at least 60 days prior to the first day of a second 2014 Fire Academy class if one is held.  To be eligible to elect to defer as a result of pregnancy, childbirth or other short-term disability, the Settlement Class Member must notify CFD of their reason for deferral (supported by requested documentation, as deemed necessary by CFD) and elect to defer no later than December 31, 2013.  Deferred Settlement Class Members will only be considered for hire to the extent that (a) CFD holds a second 2014 Fire Academy class with candidates hired from the 2006 Eligibility List, and (b) the Deferred Settlement Class Member is deemed qualified in accordance with CFD's Normal and Customary Hiring Standards.  In the event that conditions (a) and (b) above are met, and that on or before the Hiring Election Date, the Settlement Class Member elected to continue processing for potential hire as a Firefighter/EMT and to forego a

10

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

proportionate share of the Classwide Backpay Award, CFD offer employment to the Deferred

Settlement Class Member for entry into the second 2014 Fire Academy Class, if any.

28.     "Final Approval Date" means the date on which the Order of Final Approval is

entered in the Action.

29.     "Final Approval Hearing" means a hearing set by the Court to take place after the

Class Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and

reasonableness of the Settlement Agreement; (ii) determining the good faith of the Settlement

Agreement; (iii) considering the Parties' request for entry of the Final Judgment; (iv) granting or

denying final Court approval to the Settlement; and (v) addressing objections and Requests for

Exclusion as set forth in Article XI hereof and other such matters necessary or required for review

and approval of the Settlement by the Court.

30.     "Final Judgment" means the judgment to be entered by the Court pursuant to this

Settlement Agreement, substantially in the form of the order attached hereto as Exhibit B.

31.     "Final Processing" means mandatory attendance at the Fire Academy after CFD

has extended a Settlement Class Member an unconditional offer of employment, at which time the

Settlement Class Member will complete necessary paperwork to became an employee of the City

and other activities required to begin training at the Fire Academy.

32.     "Fire Academy" means the CFD Fire Academy South, located at 1338 S. Clinton

Ave., Chicago, Illinois 60607-5037.

33.     "Firefighter/EMT" means the entry level position in the CFD of Firefighter

Candidate/Emergency Medical Technician.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

34.     "Hiring Election Date" means the date thirty days after the first day of the 2014 Class, by which date Deferred Settlement Class Members must elect, in writing, to either (i) to continue processing for potential hiring as a Firefighter/EMT, or (ii) to receive a proportionate share of the Classwide Backpay Amount. At least fourteen days prior to the Hiring Election Date, the City will inform Settlement Class Counsel as to the City's plan, if any, as of that date, whether to select and train another Fire Academy class consisting of applicants off of the 2006 Eligibility List. In the event the City notifies Settlement Class Counsel that it does not intend to select and train another Fire Academy class consisting of applicants off of the 2006 Eligibility List but does thereafter hire another class consisting, in whole or in part, of applicants off of the 2006 Eligibility List, Deferred Settlement Class Members who elected to receive a proportionate share of the Classwide Backpay Amount shall be offered at such time the opportunity to continue processing for potential hire into the Fire Academy class subject to their repayment to the City of the net amount, if any, already received as a proportionate share of the Classwide Backpay Amount. Any funds recovered by the City pursuant to this paragraph shall be paid as a *cy pres* to the Ende, Menzer, Walsh & Quinn Retirees', Widows' and Orphan's Assistance Fund.

35.     "Hiring Process" means the process whereby Settlement Class Members may apply to be hired as a Firefighter/EMT as set forth in Article VII hereof.

36.     "Hired Settlement Class Members" means Settlement Class Members who satisfy the Normal and Customary Hiring Standards, qualify for hiring as a Firefighter/EMT, pursuant to the process set forth in Article VII, and accept the City's offer of employment and attend Final Processing.

37.     "IAFF" means the International Association of Fire Fighters.

12

EXHIBIT 1                              FINAL SETTLEMENT STIPULATION

38.     "Interest Card" means the written notice sent by CFD to applicants for a Firefighter/EMT position.

39.     "Individual Backpay Recipients" means Angela Minnick, Janiece Theeke, Katrina Basic, Jessica Evans, Kimberly Bailey, Hayley Stafen and Jennifer Roccasalva.

40.     "Individual Backpay Award" means the Backpay Award allocated to each Individual Backpay Recipient.

41.     "Individual Plaintiffs" means Kimberly Bailey, Hayley Stafen and Jennifer Roccasalva.

42.     "Last Known Address" means the most recently recorded mailing address for a Settlement Class Member as such information is contained in the City's records. Mailing addresses for Settlement Class Members which Settlement Class Counsel convey to Defendant's Counsel will be included in the mailing information to be transmitted to the Claims Administrator.

43.     "New Hires" means Settlement Class Members to be hired by the CFD who have not previously been employed by the CFD.

44.     "Non-Hired Settlement Class Members" means Settlement Class Members who are not hired as a Firefighter/EMT pursuant to the Normal and Customary Hiring Standards and the process set forth in Article VII hereof, and includes Deferred Settlement Class Members who either elect to waive any right to be considered for hiring by the CFD for Fire Academy classes occurring after the 2014 Class, or fail to make an election in writing.

45.     "NIPSTA" means the Northeastern Illinois Public Safety Training Academy, 2300 Patriot Blvd., Glenview, Illinois 60026.

EXHIBIT 1                                         FINAL SETTLEMENT STIPULATION

46.     "Non-Settlement Group" means the collective group of all Settlement Class Members who properly and timely submit a Request for Exclusion.

47.     "Non-Settlement Group Member" means a person who is a member of the Non-Settlement Group.

48.     "Normal and Customary Hiring Standards" means CFD's pre-hiring requirements for Firefighter/EMT which include:  (i) compliance with the residency requirements  in Municipal Code of Chicago Section 2-152-050; (ii) compliance with the age requirements of Municipal Code of Chicago Section 2-152-410(e), subject to Article XIB(c) hereof with respect to Individual Plaintiffs and Settlement Class Representatives; (iii) passing of the CPAT; (iv) attendance and participation at all stages of CFD's Hiring Processing, unless such attendance and participation is excused by notice of a medical emergency or other circumstance outside the candidate's control, which CFD typically considers to be excusable; (v) submission of all documents required by CFD; and (vi) successful completion of all drug screens, a background investigation including driving record review and a post-conditional offer of employment medical evaluation.  "Normal and Customary Hiring Standards" shall afford Settlement Class Members the same rights to retesting or review as have been afforded to applicants in the past and shall incorporate the same standards normally and customarily applied by CFD to applicants for hire who are not Settlement Class Members.

49.     "Parties" means the Settlement Class Representatives, the Individual Plaintiffs, the Settlement Class Members and the City.

14

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

50.      "PAT" means the physical abilities test developed in or about 1996 by Human Performance Systems, Inc. for the CFD and modified in or about 2007, and used by the CFD through and including November 2011.

51.      "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, estate, legal representative, trust, unincorporated organization and any other type of legal entity, and their heirs, predecessors, successors, representatives, and assigns.

52.      "Plaintiffs" means the Settlement Class Representatives, the Individual Plaintiffs and the Settlement Class Members.

53.      "Plaintiffs' Counsel" means the law firms of Goldstein, Borgen Dardarian & Ho of Oakland, California and Willenson Law, LLC, the Law Office of Susan P. Malone and Torrick A. Ward, each of Chicago, Illinois.

54.      "Pre-Hiring Processing" means the process whereby an applicant for employment with CFD as a Firefighter/EMT proceeds through all of the Normal and Customary Hiring Standards.

55.      "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

56.      "Preliminary Approval Order" or "Order Granting Preliminary Approval of Settlement" means an order to be agreed by the Parties for entry and filing by the Court substantially in the form attached hereto as Exhibit C or other order entered by the Court granting preliminary approval to the Settlement.

15

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

57.    "Preliminary Processing Session" means the first required attendance at the CFD during which Settlement Class Members interested in being hired for a Firefighter/EMT position appeared and returned Interest Cards.  The Preliminary Processing Session occurred on May 6, 2013 or as re-scheduled by agreement of certain Settlement Class Members and CFD during the weeks of May 6 or May 13, 2013.

58.    "Priority Processing" means the process by which Settlement Class Members will be granted priority throughout Pre-Hiring Processing as provided in Article VII hereof.

59.    "Proof of Claim" means the Proof of Claim Form and Release and any necessary supporting information sufficient to allow the Claims Administrator, Defendant's Counsel and Settlement Class Counsel to determine whether an individual is a Backpay Settlement Class Member entitled to receive a Backpay Award as provided for in Article V hereof substantially in a form attached hereto as Exhibit D.

60.    "Released Claims" means, collectively, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, in law or equity, known or unknown, asserted or that might have been asserted, either directly or indirectly, in a representative or in any other capacity, by any Releasing Party against any of the Released Parties for any matter, arising out of, relating to, or in connection with the Action, the Third Amended Complaint, the Settlement Agreement, or any of the subjects resolved through the entry of the Settlement Agreement. "Released Claims" includes Unknown Claims as that term is defined herein.

61.    "Released Party" or "Released Parties" means Defendant, and all of its employees, agents, attorneys, insurers, representatives, administrators, predecessors, successors and assigns and SUFD and NIPSTA,.

16

EXHIBIT 1                                              FINAL SETTLEMENT STIPULATION

62.    "Releasing Party" means Plaintiffs, Plaintiffs' Counsel and their respective agents, heirs, successors and assigns.

63.    "Request for Exclusion" means the written notice containing the information set forth in Section XI.A. hereof, which a Settlement Class Member is required to submit to the Claims Administrator no later than the Class Notice Response Deadline to request exclusion from the Settlement Class.

64.    "Second Stage Processing" means the date when Settlement Class Members other than Crossovers returned their completed Background Questionnaires and other required documentation to the Fire Academy and are drug tested, fingerprinted and photographed, which occurred on June 6, 2013 or as re-scheduled by agreement of certain Settlement Class Members and CFD during the weeks including June 6 or June 12, 2013.

65.    "Service Awards" means payments to be made to Settlement Class Representatives for their service as such.

66.    "Settlement" means the resolution of the Action pursuant to the Settlement Agreement.

67.    "Settlement Agreement" means this Agreement, and all of its attachments and exhibits, which the Parties understand and agree sets forth all material terms and conditions of the settlement between them and which is subject to Court approval. It is understood and agreed that the City's obligations for payment under this Settlement Agreement are conditioned on, among other things, the occurrence of the Settlement Effective Date.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

68.    "Settlement Class" means the group of individuals who meet the requirements of the Class proposed to be certified as described in Article IV hereof, except for Non-Settlement Group Members.

69.    "Settlement Class Member Backpay Award" means the pro-rata amount of the Backpay Amount to be paid to Non-Hired Class Members other than Individual Backpay Recipients.

70.    "Settlement Class Member Backpay Recipient" means a Settlement Class Member who is eligible to receive a Settlement Class Member Backpay Award.

71.    "Settlement Class Member" or "Member of the Settlement Class" means those individuals who meet the requirements of the class proposed to be certified as described in Article IV hereof.

72.    "Settlement Class Representatives" means Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic, and Jessica Evans.

73.    "Settlement Class Counsel" means the law firms of Goldstein, Borgen, Dardarian & Ho of Oakland, California and Willenson Law LLC, and the Law Office of Susan P. Malone.

74.    "Settlement Effective Date" means the date of (i) the Court's order granting final approval of the Settlement, if there are no objections to the settlement; (ii) if there are objections, then upon the expiration of time for appeal of the Final Judgment; or (iii) if there is an appeal by an objector from the Final Judgment, then upon the final resolution of any appeal from the Final Judgment.

75.    "Shortfall Hires" means the minimum of fourteen (14) New Hires and Crossovers whom the City will hire as Firefighter/EMTs in the 2013 Class, subject to Article VII.C. hereof.

18

EXHIBIT 1                                          FINAL SETTLEMENT STIPULATION

The City will use its best efforts to hire nine (9) New Hires and five (5) Crossovers, but if fewer than five (5) Crossovers meet the Crossover Hiring Standards, the City shall hire a sufficient number of New Hires to reach the minimum total of 14 New Hires and Crossovers. The Shortfall Hires is a minimum requirement. The City will not at any point during Pre-Hire Processing deviate from the Priority Processing requirement because the Shortfall Hires is exceeded.

76.     "SUFD" means the Southwest United Fire Districts, mailing address 7045 Joliet Rd., LaGrange, Illinois, 60525.

77.     "Summary Class Notice" means the notice submitted by the Parties for approval substantially in the form attached hereto as Exhibit E.

78.     "Total Settlement Sum" means One Million, Nine Hundred Seventy Eight Thousand, Twenty-Three Dollars ($1,978,023).

79.     "Third Amended Complaint" means the filing identified as docket number 78 filed in the Action.

80.     "Unknown Claims" means any Released Claims which any Plaintiff or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her, might have affected his or her settlement with and release of the Released Parties, or might have affected his or her decision to request exclusion from the Settlement Class or to object to this Settlement. Plaintiffs, and each of them, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs, and each of them, and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Final Judgment shall

EXHIBIT 1                                             FINAL SETTLEMENT STIPULATION

have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, and each of them, acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

81.     "Updated Address" means, for Settlement Class Members who submitted an Interest Card, the address on the Interest Card, and for all other Settlement Class Members, a mailing address that was updated by a reasonable address verification measure of the Claims Administrator by an updated mailing address provided by the United States Postal Service or a Settlement Class Member, or through information Plaintiffs' Counsel has provided or may provide Defendant or the Claims Administrator, or which a Settlement Class Member provides to the CFD in connection with Pre-Hiring Processing.

82.     "Website" means the website to be maintained by the Claims Administrator. The Website shall include, at a minimum, copies of the Settlement Agreement, the Class Notice, the Proof of Claim and the Preliminary Approval Order, and may be amended from time to time as agreed to by Settlement Class Counsel and Defendant's Counsel or as otherwise ordered by the Court.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

## ARTICLE IV.
## SETTLEMENT CLASS CERTIFICATION

The Settlement Class to be conditionally certified pursuant to Federal Rule of Civil

Procedure 23(b)(3) will be defined as:

> All females who passed the 2006 written qualifying exam to become a CFD firefighter/EMT, who failed the PAT between December 2007 and April 10, 2010, and who were not, prior to July 19, 2011, notified of their disqualification as an applicant for a firefighter/EMT position with the CFD for a reason other than failure of the PAT or age.

## ARTICLE V.
## PAYMENTS

**A.      Total Settlement Sum.**

The City will pay the sum of One Million, Nine-Hundred Seventy-Eight Thousand,

Twenty-Three Dollars ($1,978,023.00) for all purposes and to the recipients specified in this

Settlement Agreement, which shall fully satisfy the City's obligations for all payments, fees, and

costs identified in this Settlement Agreement, including Individual Backpay Awards, Settlement

Class Member Backpay Awards, and Service Awards to Settlement Class Representatives, other

than Settlement Class Counsel's and Torrick Ward's attorneys' fees and out-of-pocket litigation

expenses and costs, in the amounts and by the procedures specified in this Settlement Agreement.

The City shall separately pay, where required, the employer's share of applicable payroll taxes

owed on payments made to Individual Plaintiffs and Settlement Class Members, if any, in addition

to the settlement payments specified herein and the costs of Settlement Administration.

Settlement Class Members shall pay their applicable share of federal, state or local income and

Medicare and like taxes.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

**B.    Service Awards to Settlement Class Representatives.**

From the Total Settlement Sum, the City shall pay Service Awards to the Class

Representatives less applicable taxes and withholdings as follows:

| | |
|---|---|
| Samantha Vasich | $15,000.00 |
| RaShaunda Dooley | $15,000.00 |
| Angela Minnick | $10,000.00 |
| Janiece Theeke | $10,000.00 |
| Katrina Basic | $10,000.00 |
| Jessica Evans | $10,000.00 |
| **TOTAL** | **$70,000.00** |

The City does not oppose or object to the approval of payment of these amounts. These

Service Awards will be paid by the City or by the Claims Administrator no later than 60 days after

the Settlement Effective Date. Neither a modification by this Court nor reversal on appeal of any

Service Award by the Court shall be deemed a substantive modification of a material term of the

Final Judgment, Settlement or this Settlement Agreement.

**C.    Settlement Class Member Backpay Award.**

Non-Hired Settlement Class Members, other than the Individual Backpay Recipients, are

eligible to receive a per capita share of the Settlement Class Member Backpay Award, subject to

compliance with the Claims Administration Process. Settlement Class Member Backpay Awards

shall be paid no later than 60 days after the later of the Settlement Effective Date or the Hiring

Election Date.

**D.    Individual Backpay Award.**

The Individual Backpay Recipients shall be paid a total of Two Hundred Sixty-Eight

Thousand Dollars ($268,000.00) less applicable taxes and withholdings to be allocated as follows:

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

| | |
|---|---|
| Angela Minnick | $42,000.00 |
| Janiece Theeke | $42,000.00 |
| Katrina Basic | $17,000.00 |
| Jessica Evans | $73,000.00 |
| Hayley Stafen | $42,000.00 |
| Kimberly Bailey | $42,000.00 |
| Jennifer Roccasalva | $10,000.00 |
| **Total** | **$268,000.00** |

The Individual Backpay Awards will be paid either by the City or by the Claims Administrator no later than 60 days after the Settlement Effective Date. Neither a modification by this Court nor reversal on appeal of any Individual Backpay Award shall be deemed a substantive modification of a material term of the Final Judgment, Settlement or this Settlement Agreement.

**E.      Calculation of Classwide Backpay Award.**

Within seven (7) days of the Hiring Election Date, the Claims Administrator will determine the number of Non-Hired Settlement Class Members. The amount paid to each Claimant as a Settlement Class Member shall be calculated as follows: One Million, Five Hundred Ninety Thousand, Twenty-Three Dollars ($1,590,023) divided by the number of Non-Hired Settlement Class Members who filed valid Proof of Claims rounded down to the nearest dollar.

**F.      Pay Adjustment For Individual Crossover Plaintiffs.**

The City shall make a payment of Seventy Five Thousand Dollars ($75,000) to be divided equally among Individual Backpay Recipients who held the rank of Paramedic in Charge prior to 2009 and who are hired in either the 2013 or 2014 Classes. The payment will be made no later than the later of (a) fifteen (15) days after the entry of Crossovers into the 2014 Fire Academy Class or (b) sixty (60) days after the Settlement Effective Date. In the event that no Individual Backpay Recipient who holds the rank of Paramedic in Charge prior to 2009 is hired in either the 2013 or 2014 Class, the City shall pay Settlement Class Counsel Fifty Thousand Dollars ($50,000) as

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

reimbursement for pretest training provided to Settlement Class Members but no other payment need be made under this paragraph.

**G.      No Further Payment Obligation.**

The foregoing consists of all the monetary components of the Settlement to the Settlement Class Representatives, Individual Plaintiffs and Settlement Class Members.  The City shall have no further payment obligation, other than funding the Claims Administration process, for the City-Funded CPAT Testing and Settlement Class Counsel's and Torrick Ward's attorneys' fees pursuant to Article XVI.

**H.      Tax Forms.**

The City or the Claims Administrator will cause to be issued appropriate tax forms to Non-Hired Settlement Class Members, Individual Backpay Recipients and Settlement Class Representatives and reports to governmental tax authorities based on the allocations set forth in this Article.

**I.      No Tax Advice.**

The Individual Plaintiffs and Settlement Class Representatives acknowledge, for themselves and for the Settlement Class, that they have not relied upon any advice, representations, warranties, guaranties, promises, statements or estimates, by Settlement Class Counsel, Defendants' Counsel, or any of the Released Parties, or anyone representing or purporting to represent the Released Parties, regarding the tax treatment or effect of any payments made under this Settlement Agreement.  The Individual Plaintiffs and Settlement Class Representatives agree, for themselves and for the Settlement Class, that in the event it should be subsequently determined that payment of taxes on any amounts received under this Settlement Agreement, or any part thereof, should have been made, that each Settlement Class Member shall

24

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

be personally and solely responsible for all such taxes, as well as for any related penalties or

interest which may be due and, in addition, do hereby agree to indemnify and hold harmless

Plaintiffs' Counsel, Defendant's Counsel and the Released Parties from any payment, interest,

penalty and reasonable attorney's fees and costs incurred by in connection with any claim,

including any claim made under the federal or state tax laws.

## ARTICLE VI.
### DISCONTINUANCE OF PAT

The City agrees to discontinue any and all use of the PAT for the screening or hiring of

Firefighter/EMT candidates and will not resume its use at any future time. The City will make

interim use of the CPAT pursuant to Section 5j of Uniform Guidelines on Employee Selection, 29

CFR Section 1607.5.J., consistent with IAFF licensing requirements for purposes of the

Pre-Hiring Processing for the 2013 and 2014 Classes (including a possible second 2014 Fire

Academy class), as described herein. This Agreement shall not be construed as an acceptance or

endorsement of the CPAT by the Individual Plaintiffs or Settlement Class Representatives for

themselves or the Settlement Class for any purpose or use other than its interim use as a term and

condition of this Settlement Agreement. Plaintiffs' agreement to the use of the CPAT for interim

hiring is part of a negotiated remedy for the claims alleged in the Third Amended Complaint, and

in the event the Settlement is not approved by the Court, the Individual Plaintiffs' and Settlement

Class Representatives' agreement to use of the CPAT for interim hiring as a term and condition of

this Settlement Agreement will not constitute a defense to any legal claims arising from it use.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

### ARTICLE VII.
### HIRING PROCESS FOR SETTLEMENT CLASS MEMBERS

**A.      Agreement to Hire All Qualified Plaintiffs and Settlement Class Members.**

The City agrees that all Individual Plaintiffs and Settlement Class Members who (i) returned an Interest Card at Preliminary Processing indicating a continued desire for consideration for hire as a Firefighter/EMT, (ii) present a CPAT Card or who have successfully passed the CPAT pursuant to City-Funded CPAT Training on or before their respective anticipated CPAT Completion Date; and (iii) successfully complete Pre-Hiring Processing as set forth herein, will be hired in the 2013 or 2014 Classes.  It is the intent of this Agreement that all qualified Individual Plaintiffs and Settlement Class Members who comply with the Normal and Customary Hiring Standards will be hired in the 2013 or 2014 Classes.

**B.      Shortfall Hires.**

The City agrees to hire a minimum of fourteen (14) Shortfall Hires in the 2013 Class, and to use good faith efforts to ensure that at least 13 percent of the remainder of the 2013 Class is comprised of females, subject to Article VII.C.  The City agrees that all Individual Plaintiffs, Settlement Class Representatives and Settlement Class members who meet the Normal and Customary Hiring Standards and the Pre-Hiring Processing set forth herein, will be hired in the 2013 Class or the 2014 Class.

**C.      Hiring Process.**

1.      Hiring will be pursuant to the following terms, including processes that were completed as of the date of the execution of this Settlement Agreement:

> (a)      Settlement Class Members were invited to return their Interest Cards prior to other Firefighter/EMT applicants.

26

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

(b)     Settlement Class Members were given the opportunity to select their dates for NIPSTA or SUFD prior to all other Firefighter/EMT applicants.

(c)     CFD will begin to process Plaintiffs' and the Settlement Class Members' background investigations before other applicants. The completion of Plaintiffs' and Settlement Class Members' background investigations is not a prerequisite to the processing of other applicants' background investigations. In addition, CFD may defer processing the background investigations for Settlement Class Members who select a CPAT Completion Date of December 31, 2013 until after the commencement of the 2013 Class.

(d)     Settlement Class Member hiring shall be subject to the City Ordinance § 2 152-410(e) limiting the hiring of firefighters to persons less than 38 years of age. The City agrees to entry of a Final Judgment directing an exception to this Ordinance for the Individual Plaintiffs and Settlement Class Representatives.

(e)     To be hired, all Settlement Class Members who are potential New Hires must be fully qualified for hire as a Firefighter/EMT, and must meet all of the Normal and Customary Hiring Standards, and also Settlement Class Members who are Crossovers must meet all Crossover Hiring Standards. In no instance will Normal and Customary Hiring Standards or Crossover Hiring Standards, as applicable, be modified or waived, other than (1) delayed acceptance of the CPAT Card as set forth herein and (2) subject to the age requirement exception for the Individual Plaintiffs and Settlement Class Representatives, if ordered by the Court pursuant to Article XI.B. hereof.

(f)     2013 Class

        (1)     All Settlement Class Members who are New Hires who submit a CPAT Card by September 1, 2013 and who are deemed fully qualified pursuant to the Normal and Customary Hiring Standards will be hired into the 2013 Class.

        (2)     All Settlement Class members who are Crossovers who submit a CPAT Card by the first day of the 2013 Class and who are deemed fully qualified pursuant to the Crossover Hiring Standards will be hired into the 2013 Class.

        (3)     Settlement Class Members must successfully complete all Pre-Hiring Processing no later than fourteen (14) calendar days prior to Final Processing.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

      (4)     Potential New Hire Settlement Class Members who present CPAT cards by September 1, 2013, and have not completed their medical processing at least fourteen (14) days prior to Final Processing for the 2013 Class, but are subsequently deemed fully qualified for hire at least fourteen (14) days prior to Final Processing for the 2014 Class shall be given an offer for the 2014 Class.

(g)    2014 Class

      (1)     Settlement Class Members who are New Hires selecting a CPAT Completion Date of December 31, 2013 (at the Second Stage Processing, or as modified pursuant to Article VIIC3(b) below) shall have until December 31, 2013 to present their CPAT Cards.

      (2)     Settlement Class Members who are Crossovers and who select the later CPAT Completion Date shall have until the first day of the 2014 Class to present a CPAT Card to CFD.

      (3)     All Settlement Class Members entering the 2014 Class must have successfully completed all Pre-Hiring Processing no later than fourteen (14) calendar days prior to Final Processing for the 2014 Class.

      (4)     All Settlement Class Members who are New Hires who present a CPAT Card by December 31, 2013, and who are deemed fully qualified pursuant to the Normal and Customary Hiring Standards will be hired into the 2014 Class.

      (5)     All Settlement Class Members who are Crossovers who submit a CPAT Card by the first day of the 2014 Class and who are deemed fully qualified pursuant to the Crossover Hiring Standards will be hired into the 2014 Class.

(h)    Settlement Class Members will be processed for drug testing and background qualifications simultaneously while seeking their CPAT Cards. CFD will begin to process Settlement Class Members' background investigations before other applicants. The completion of Settlement Class Members' background investigations is not a prerequisite to the processing of other applicants. If Settlement Class Members are deemed ineligible for hiring as Firefighter/EMT on the basis of information obtained through their background investigation, they shall be removed from Pre-Hiring Processing. The City will notify Settlement Class Counsel of any such disqualification within seven (7) days of CFD's notification of a Settlement Class Member of disqualifying results.

EXHIBIT 1                                      FINAL SETTLEMENT STIPULATION

    (i)      Deferred Settlement Class Members who are deemed qualified under CFD's Normal and Customary Hiring Standards and who present a CPAT Card no less than 60 days prior to the first day of a second 2014 Fire Academy Class if one is held will receive offers of employment from CFD to enter the second 2014 Fire Academy Class, so long as the 2006 Eligibility List is being used to hire candidates for the second 2014 Fire Academy Class, provided, however, that each Deferred Settlement Class Member must elect in writing on or before the Hiring Election Date whether to (i) continue processing for possible hiring by the CFD as a Firefighter/EMT and waive any right to a Backpay Award, or (ii) receive a Backpay Award and waive any right to hiring by the CFD as a Firefighter/EMT. At least fourteen (14) prior to the Election Date, the City will provide Settlement Class Counsel with the names and Updated Addresses of all Deferred Settlement Class Members who will be required to make an election. A Deferred Settlement Class Member who elects to waive any right to hiring by the CFD or fails to timely make an election in writing is a Non-Hired Settlement Class Member.

    (j)      Hired Settlement Class Members, Settlement Class Representatives and Individual Plaintiffs will receive no retroactive seniority.

2.    Preliminary Processing:

    (a)      All Settlement Class Members interested in being hired for a Firefighter/EMT position were required to have returned Interest Cards and attended Preliminary Processing Session on May 6, 2013 (or as rescheduled in the days thereafter) to remain eligible for hiring.

    (b)      Preliminary Processing occurred prior to the documentation of this Settlement Agreement and preliminary Court approval of this Settlement Agreement. The Parties agree that a total of 92 Settlement Class Members and Individual Plaintiffs appeared for and completed Preliminary Processing.

    (c)      Settlement Class Counsel were present at Preliminary Processing of Plaintiffs and Settlement Class Members on May 6, 2013 and allowed to independently meet with those in attendance.

3.    Second Stage Processing.

    (a)      All Settlement Class Members interested in being hired for a Firefighter/EMT position were required to appear in person at the Fire Academy for Second Stage Processing on June 6, 2013 (or as rescheduled thereafter by CFD) to submit to the CFD a completed background

EXHIBIT 1                                        FINAL SETTLEMENT STIPULATION

questionnaire, have their photograph and fingerprints taken, and undergo drug testing.

(b)     Settlement Class Counsel were present at Second Stage Processing of Plaintiffs and Settlement Class Members on June 6, 2013 and allowed to independently meet with those in attendance.

4.     CPAT Completion Date.

(a)     All Settlement Class Members interested in being hired for a Firefighter/EMT position made a preliminary election in writing in June 2013 of a CPAT Completion Date either:

(1)     To pass the CPAT by September 1, 2013 (with the anticipation of entering the 2013 Class) according to the following schedule:

(i)     Settlement Class Members may attend the City-Funded CPAT Training at NIPSTA or SUFD and pass the CPAT by September 1, 2013.  Under this option, Settlement Class Members will not receive a physical CPAT Card, but will have their results communicated directly to the City.

(ii)     Settlement Class Members may obtain a CPAT Card from any licensed CPAT facility.  The City shall reimburse Settlement Class Members presenting a valid CPAT Card from a facility other than NIPSTA or SUFD $150.00. However, the City will not pay for CPAT training and testing for a Settlement Class Member to participate in more than one CPAT testing program.  Therefore, if a Settlement Class Member attends orientation at NIPSTA or SUFD through the City-Funded CPAT Training, she is not eligible to seek reimbursement.  Reimbursement will be made to eligible Settlement Class Members at the same time the Backpay Award is made.  Settlement Class Members seeking such reimbursement will be required to provide documentation supporting their entitlement to reimbursement prior to the Hiring Election Date.

(iii)     Settlement Class Members who attend the City-Funded CPAT Training at NIPSTA or SUFD may also obtain and CFD will accept a CPAT Card from any licensed CPAT Facility.  However, the City will not reimburse Settlement Class Members who attend the City-Funded CPAT Training at NIPSTA or SUFD for any additional CPAT testing or training.

EXHIBIT 1                                   FINAL SETTLEMENT STIPULATION

        (iv)     The City will apply Priority Processing described herein to Settlement Class Members. At a minimum, the City will make good faith efforts for the 2013 Class to include the Shortfall Hires and females equaling 13% of the remainder of the 2013 Class in the 2013 Class.

        (v)     New Hire Settlement Class Members who select a CPAT Completion Date of September 1, 2013, or Crossover Settlement Class Members who select a CPAT Completion Date of the first day of the 2013 Class and do not pass the CPAT administered by NIPSTA or SUFD, or otherwise fail to present a CPAT Card by September 1, 2013 or the start of the 2013 Class, respectively, are ineligible for hiring, but will receive a Settlement Class Member Backpay Award.

(2)     For New Hires, to present a valid CPAT Card on or before December 31, 2013, and for Crossovers, to present a valid CPAT Card on or before the first day of the 2014 Class (with the anticipation of entering the 2014 Class).

        (i)     Settlement Class Members selecting this option and meeting all other Normal and Customary Hiring Standards at least fourteen (14) calendar days prior to Final Processing for the 2014 Class, will be included in the 2014 Class.

        (ii)     Settlement Class Members who elect this option shall be eligible to participate in the City-Funded CPAT Testing at NIPSTA and SUFD and to select their NIPSTA/SUFD orientation dates at Second Stage Processing.

        (iii)     Settlement Class Members may obtain a CPAT Card from any licensed CPAT facility. The City shall reimburse Settlement Class Members presenting a valid CPAT Card $150.00, but in no event will the City pay for CPAT for a Settlement Class Member to participate in more than one CPAT testing program. Reimbursement will be made to eligible Settlement Class Members at the same time the Backpay Award is made. The Settlement Class Members seeking such reimbursement will be required to provide documentation supporting their entitlement to reimbursement prior to the Hiring Election Date.

        (iv)     New Hire Settlement Class Members other than Individual Backpay Recipients who select a CPAT Completion Date of December 31, 2013, and Crossover Settlement Class

31

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

Members who select a CPAT Completion Date of the first day of the 2014 Class and who do not pass the CPAT administered by NIPSTA or SUFD, or otherwise fail to present a CPAT Card by December 31, 2013 or the first day of the 2014 Class, respectively, or who fail to meet any other of the Normal Hiring Standards or Crossover Hiring Standards, as applicable, are ineligible for hiring, but will receive a Settlement Class Member Backpay Award.

(b)    New Hire Settlement Class Members who initially select a CPAT Completion Date of September 1, 2013 or Crossover Settlement Class Members who initially select a CPAT Completion Date of the first day of the 2013 Class (with the anticipation of entering the 2013 Class) may elect to change their CPAT Completion Date ("CPAT Change") and instead elect to present a valid CPAT card on or before December 31, 2013.  Any CPAT Change must be provided to Defendant's Counsel by Settlement Class Counsel, or made in writing and in person by the Settlement Class Member at the Fire Academy, no later than 3:00 p.m. CDT on July 31, 2013.

5.    Settlement Class Members who fail to attend any stage of their scheduled CFD processing, do not pass CPAT or present a CPAT Card pursuant to the selected options above, drop out or are excluded from processing for a reason other than failure to pass CPAT or are or who will be 38 years old or older prior to the beginning of the 2013 Class or, if applicable, the beginning of the 2014 Class (other than Settlement Class Representatives and Individual Plaintiffs), will be ineligible for hiring but will be eligible to receive a Settlement Class Member Backpay Award.

6.    The CFD shall make good faith efforts to meet the targeted dates set forth in this Article.  However, the Parties recognize that the dates are subject to change based on factors outside the control of the CFD.

7.    The City agrees to report to Plaintiffs' Counsel: (a) completion of CPAT transportability study relating to the City's interim use of CPAT for Firefighter/EMT hiring; (b) notice of City's receipt of CPAT licensure for use of CPAT test results; (c) notice of mailing of

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

invitations to Settlement Class Members to take the CPAT for additional hiring consideration; (d) attendance of Settlement Class Members at Preliminary Processing and Secondary Processing; (e) data regarding attendance by Settlement Class Members at the City-Funded CPAT Training; (f) written background investigation standards used by CFD to screen Firefighter/EMT candidates; (g) medical guidelines used by CFD to evaluate Firefighter/EMT candidates' medical status and ability to perform the essential job functions;. (h) data regarding CPAT pass rates by gender for the City-Funded CPAT Testing as described in Section III.9(a); and (i) notice of results of vendor analysis regarding development of permanent physical abilities test. The inclusion of this provision as forward looking language does not imply in any way whether the City has or has not complied with this obligation as of the date of execution of this Stipulation. The City will consider additional reasonable requests regarding information relating to processing of Settlement Class Members and development and adoption of a new physical abilities test.

### ARTICLE VIII.
### CONDITIONS TO SETTLEMENT

1.      This Settlement Agreement shall be of no force or effect and shall be void *ab initio* without prejudice to the rights of any Party unless each of the following conditions is fully satisfied:

    (a)    Approval of the Settlement by the Chicago City Council;

    (b)    Preliminary approval by the Court of the Settlement Agreement pursuant to the terms outlined herein and the Court's entry of a Preliminary Approval Order;

    (c)    The City's election not to terminate this Settlement Agreement pursuant to Article XI hereof;

    (d)    Entry of the Final Judgment by the Court; and

    (e)    Occurrence of the Settlement Effective Date.

EXHIBIT 1                                         FINAL SETTLEMENT STIPULATION

**ARTICLE IX.**
**COURT APPROVAL OF NOTICE TO THE SETTLEMENT CLASS**

A.      **Preliminary Approval.**

1.      Plaintiffs shall promptly submit this Settlement Agreement to the Court together with a Motion for Preliminary Approval of Settlement and Certification of Settlement Class, which will seek an order:

(a)      Preliminarily approving the Settlement;

(b)      Approving Claims Administration Services to be provided by the Claims Administrator;

(c)      Approving the form and content of the Class Notice and Summary Class Notice consistent with the provisions hereof, respectively, for mailing and publication to notify Settlement Class Members of the hearing on final approval of the Settlement Agreement;

(d)      Approving as to form and content the proposed Proof of Claim Form;

(e)      Finding that the mailing of the Class Notice and Publication of the Summary Class Notice constitute the best and most practicable notice to Settlement Class Members under the circumstances, and are due and sufficient notice of the Final Approval Hearing, proposed Settlement Agreement and other matters set forth in the Class Notice and Summary Class Notice to all Settlement Class Members and that the Class Notice and Summary Class Notice fully satisfy the requirements of due process, the Federal Rules of Civil Procedure and any other applicable law;

(f)      Directing the mailing of the Class Notice, Proof of Claims, and instructions by first class mail to Settlement Class Members;

(g)      Conditionally certifying the Settlement Class for purposes of settlement and preliminarily appointing Plaintiffs Vasich, Dooley, Minnick, Theeke, Basic and Evans, as Settlement Class Representatives and preliminarily appointing Settlement Class Counsel as counsel of the Settlement Class;

(h)      Preliminarily approving the proposed Service Awards to Individual Plaintiffs and Settlement Class Representatives;

(i)      Scheduling the Final Approval Hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

2.      If the Court enters the Preliminary Approval Order, then at the resulting Final

Approval  Hearing, Plaintiffs and the City each through their counsel of record, shall address any

written  objections  from  Settlement  Class  Members  or  any  concerns  from  Settlement  Class

Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby

do,  unless  provided  otherwise  in  this  Settlement  Agreement,  stipulate  to  final  approval  of  this

Settlement Agreement and entry of the Final Judgment by the Court.

**ARTICLE X.**
**CLASS NOTICE AND CLAIMS PROCEDURE**

A.      **The Claims Administrator's Role.**

1.      The City will provide to the Claims Administrator information in electronic format

regarding  all  Settlement  Class  Members,  including  Last  Known  Addresses  and  Social  Security

numbers.

2.      For Settlement Class Members who submitted an Interest Card to CFD, the Claims

Administrator shall use the mailing address on the Interest Card.  For all other Settlement Class

Members, prior to mailing the Class Notices, the Claims Administrator will update the addresses

for  the  Settlement  Class  Members  using  the  National  Change  of  Address  database  and/or  other

available resources deemed suitable by and at the sole discretion of the Claims Administrator, as

well as information Settlement Class Counsel or a Settlement Class Member provides to the CFD

during  the  Preliminary  Processing  Session  or  otherwise.  To  the  extent  this  process  yields  an

Updated Address, that Updated Address shall replace the Last Known Address and be treated as

the new Last Known Address for purposes of this Settlement Agreement and for subsequent

mailings in particular.

EXHIBIT 1                                              FINAL SETTLEMENT STIPULATION

3.      The Claims Administrator shall supply Settlement Class Counsel and Defendant's
Counsel with an updated address list for the Settlement Class Members, reflecting any corrections
or updates made by the Claims Administrator in the course of administering Class Notices to the
Class, and the receipt of any challenges and written objections or Requests for Exclusion.

4.      Unless the Parties agree otherwise in writing or the Court so orders, the Class
Notices shall be mailed to the Last Known Address or Updated Address (if applicable) of the
Settlement Class Members by first class mail no later than the Class Notice Mailing Deadline.  In
addition to the Class Notice, each Settlement Class Member will also receive a Proof of Claim.
Enclosed with all Class Notices, and Proof of Claim Forms shall be a postage-prepaid envelope,
pre-printed with the following address:

> Vasich/City of Chicago Firefighter Class Action Administrator
> c/o [Name of Claims Administrator]
> [Address of Claims Administrator]

5.      The Claims Administrator will use all appropriate tracing methods to ensure that
the Class Notice packets are delivered to all Settlement Class Members. Any returned envelopes
from the initial mailing with forwarding addresses will be used by the Claims Administrator to
locate missing Settlement Class Members and re-mail the Class Notice to the correct or Updated
Address.

6.      In the event that the first mailing of the Class Notice to any Settlement Class
Member is returned without a forwarding address, the Claims Administrator will immediately
conduct a standard skip trace in an effort to ascertain the current address for the particular
Settlement Class Member in question. If a more recent or accurate address is found by this method,
the Claims Administrator will resend the Class Notice to the Updated Address within three (3)
calendar days of identifying the new address information.

36

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

7.      The Claims Administrator shall publish the Summary Class Notice, consistent with the provisions hereof, on three (3) occasions in the legal notice section of *The Chicago Tribune* in three (3) consecutive weeks, beginning no later than fourteen (14) days following entry of the Preliminary Approval Order.

8.      Costs of printing and mailing the Class Notice, the Summary Class Notice, and publication of the Summary Class Notice constitute an Administrative Expense as defined in Article III.4 hereof, and thus payable by the City.  Further, all reasonable costs incurred by the Claims Administrator shall be considered Administrative Expenses to be paid by the City.

9.      The Claims Administrator shall maintain a toll-free VRU telephone line and answering service containing recorded answers to frequently asked questions, the content of which shall be agreed upon between Defendant's Counsel and Settlement Class Counsel along with an option permitting potential Settlement Class Members to speak to a live operator to leave messages in a voicemail box.

10.     The Claims Administrator shall maintain the Website for this Settlement for at least 90 days after the expiration of the period for the submission of Proofs of Claim.

11.     At least five (5) days prior to the Final Approval Hearing, the Claims Administrator shall prepare, and the Parties shall provide the Court, a declaration by the Claims Administrator of due diligence and proof of mailing of the Class Notices and Proof of Claim required to be mailed to Settlement Class Members by this Settlement Agreement, and of the delivery results of the Claims Administrator's mailings including tracing and re-mailing efforts.

12.     The Parties believe that compliance with the procedures described in this Article constitutes due and sufficient notice to Settlement Class Members of this Settlement and the Final

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

Approval Hearing and satisfies the requirements of due process. Nothing else shall be required of the Parties, Settlement Class Counsel or Defendants' Counsel to provide Class Notice of the Settlement and the Final Approval Hearing.

**B.      Settlement Class Members' Duties.**

1.      Settlement Class Members shall be required to complete and submit to the Claims Administrator a Proof of Claim, postmarked no later than the Class Notice Response Deadline, unless otherwise ordered by the Court, to become a Settlement Class Member entitled to receive a Settlement Class Member Backpay Award. The Proof of Claim shall provide that by submitting a Proof of Claim to the Claims Administrator, the Settlement Class Member releases and waives all Released Claims. Unless a Settlement Class Member submits a valid and timely Request for Exclusion (as described in Article XI hereof), a Settlement Class Member who takes no action will be bound by the Final Judgment, and will not receive any payment. In the event a Settlement Class Member submits both a Request for Exclusion and a timely Proof of Claim, the Proof of Claim will be honored and the Request for Exclusion will be disregarded, and the individual shall be treated as a Settlement Class Member.

2.      Settlement Class Members, other than Individual Backpay Recipients, who are hired by the CFD and enter either the 2013 or 2014 Classes, are not eligible for a Settlement Class Member Backpay Award.

**ARTICLE XI.**
**PROCEDURE FOR REQUESTING EXCLUSION**
**AND OBJECTING TO THE SETTLEMENT**

**A.      Opt Outs.**

1.      Settlement Class Members who wish to be excluded from the Settlement shall notify the Claims Administrator in writing that they want to exclude themselves from (i.e., opt out

38

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

of) the Settlement Class. The Requests for Exclusion must be in writing and include the Settlement Class Member's name, address, and last four digits of her Social Security number, and state, in writing, the desire to be excluded. The Request for Exclusion must be postmarked no later than the Class Notice Response Deadline, or as otherwise ordered by the Court, to be considered timely. Settlement Class Members shall be permitted to rescind their Request for Exclusion prior to the Final Approval Hearing, or as otherwise ordered by the Court.

2.      No Settlement Class Representative or Individual Plaintiff may submit a Request for Exclusion.

3.      Settlement Class Counsel shall use their best efforts to encourage Settlement Class Members not to opt out of or object to this Settlement Agreement.

4.      Any Settlement Class Member who submits a Request for Exclusion shall not be eligible for hiring by the CFD pursuant to Article VII hereof, or for a Backpay Award. Notwithstanding the foregoing, Settlement Class Members who opt out shall be treated in the same manner as all other candidates who failed the PAT and have been invited to reapply for the position of Firefighter/EMT by passing the CPAT and meeting other Normal and Customary Hiring Standards.  Once a Settlement Class Member opts out, Priority Processing will not apply and her application will be treated in the same manner as those of other candidates who failed the PAT and have been invited to reapply.

5.      The City retains the right to assert, and does not waive, any and all defenses to liability and damages it has in the Action in the event a Non-Settlement Group Member subsequently attempts to assert any claim against the City arising from the same set of operative facts and issues alleged in the Action.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

**B.      Objections.**

Settlement Class Members other than opt-outs who wish to object to this Settlement must

do so in writing or in any other manner ordered by the Court. Written objections must include the

Settlement Class Member's name, address, and last four digits of her Social Security number, and

state the basis of the objection.  Opt-outs may not object to the Settlement.  All written objections

must be sent to the Claims Administrator, Settlement Class Counsel and Defendant's Counsel and

postmarked no later than the Class Notice Response Deadline, or as otherwise ordered by the

Court, to be considered timely. The Settlement Class Members shall be permitted to withdraw

their objections prior to the Final Approval Hearing, or as otherwise ordered by the Court.

**C.      The City's Right to Terminate.**

The City shall have the right, at its sole discretion, to terminate this Settlement Agreement

in the event ten (10) or more Settlement Class Members submit Requests for Exclusion.

**D.      Processing of Requests for Exclusion and Objections.**

1.      The Claims Administrator shall (a) record all original Requests for Exclusion and

objections to the settlement that it receives; (b) serve copies on Settlement Class Counsel and the

Defendant's Counsel no later than three (3) business days after receipt, or immediately if received

within five (5) business days of the Final Approval Hearing.  The Parties shall file true and

accurate copies of Requests for Exclusion with the Clerk of the Court no later than five (5)

business days prior to Final Approval Hearing or immediately if received less than five (5)

business days prior to the Final Approval Hearing.

2.      The Claims Administrator shall also (a) record all original rescission of Request for

Exclusions and withdrawal of objection statements it receives; (b) serve copies on Settlement

Class Counsel and Defendant's Counsel no later than three (3) business days after receipt, or

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

immediately if received within five (5) business days of the Final Approval Hearing. The Settlement Class Counsel shall file the date-stamped originals with the Clerk of the Court no later than five (5) business days prior to the Final Approval Hearing or immediately if received less than five (5) business days prior to the Final Approval Hearing.

## ARTICLE XII.
## MOTION FOR FINAL APPROVAL AND FINAL APPROVAL HEARING

### A.      Motion for Final Approval.

Prior to the Final Approval Hearing and consistent with the rules imposed by the Court, Plaintiffs shall move the Court for entry of final approval of the Settlement Agreement and entry of the Final Judgment. Plaintiffs and Plaintiffs' Counsel shall be responsible for justifying the agreed upon payments set forth in Article V of this Settlement Agreement. The City agrees not to oppose such payments. To the extent possible the motion seeking entry of the Final Judgment shall be noticed for the same day as the Final Approval Hearing. The Parties shall take all reasonable efforts to secure entry of the Final Judgment. If the Court rejects the Settlement Agreement, or fails to enter the Final Judgment, this Settlement Agreement shall be void *ab initio*, and the City shall have no obligation to make any payments under the Settlement Agreement, except for payments to the Claims Administrator for services performed up to that time or as otherwise provided herein.

### B.      Final Judgment.

Settlement Class Counsel will submit a proposed Final Judgment which shall include findings and orders:

1.      Approving the Settlement Agreement, incorporating by reference the terms and conditions of the Settlement Agreement in the Final Judgment, making the Settlement Agreement

41

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

an exhibit to the Final Judgment, adjudging the terms thereof to be fair, reasonable, and adequate, and directing that its terms and provisions be carried out;

2.      Approving the payment of Service Awards to the Individual Plaintiffs and Settlement Class Representatives;

3.      Approving the payment of Backpay Awards pursuant to the procedure in Article V hereof;

4.      Approving the hiring process set forth in Article VII hereof;

5.      Approving the Claims Administration Process;

6.      Approving the CFD's interim use of CPAT pursuant to Article VI hereof;

7.      Ordering the City to make an exception to the provisions of City of Chicago Ordinance Section 2-152-410(e), but only for the Individual Plaintiffs and Settlement Class Representatives, and only for purposes of this Settlement;

8.      Providing that the Court terminates its jurisdiction over Released Claims, except to the extent necessary to distribute the Backpay Awards and administer, implement, interpret or enforce the Final Judgment;

9.      Directing the Parties to take all actions necessary to effectuate the terms or conditions of the Final Judgment and Settlement Agreement; and

10.     Determining there is no just reason for delay and directing that the Final Judgment and Order be final and appealable.

**C.      Fulfillment and Completion of Final Judgment.**

1.      Following entry of the Final Judgment, the Parties will act to assure the timely execution and the fulfillment of all its provisions, including, but not limited to, the following:

42

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

      (a)    Should an appeal be taken from the final approval of the Settlement Agreement, all Parties will support the approval order on appeal; and

      (b)    Settlement Class Counsel and the Defendant's Counsel will assist the Claims Administrator as needed or requested in the process of identifying and locating Settlement Class Members entitled to payments from the Backpay Award, Service Award or Individual Backpay Award and assuring delivery of such payments.

2.    Within ten (10) days after the Hiring Election Date, the City shall transmit payment of the Backpay Award amount Sum to the Claims Administrator for distribution of Backpay Awards.

3.    The Claims Administrator shall make Backpay Awards to Settlement Class Members and Individual Backpay Plaintiffs under this Agreement, as well as Service Awards to the Individual Plaintiffs and Settlement Class Representatives by issuing one check (or more if necessary for administrative convenience) payable to each Settlement Class Member, in the amount of his or her relevant Backpay and/or Service Award, less relevant withholdings. The Claims Administrator shall mail said check(s), and any necessary tax reporting forms, to each Settlement Class Member at his or her Last Known Address, or Updated Address if obtained.

4.    Following the mailing of the payments to Settlement Class Member Backpay Award recipients, Individual Backpay Recipients and Settlement Class Representatives set forth in Article V hereof, the Claims Administrator shall provide a declaration of payment, which Defendant's Counsel will file with the Court within thirty (30) days of mailing the respective payments to Settlement Class Member Backpay Recipients, Individual Backpay Recipients, and Settlement Class Representatives.

5.    Settlement Class Member Backpay Recipients who are sent payments shall have ninety (90) calendar days after mailing by the Claims Administrator to cash their settlement

EXHIBIT 1                                  FINAL SETTLEMENT STIPULATION

checks. If such Settlement Class Members do not cash their checks within that period, those checks

will become void and a stop payment will be placed on the uncashed checks. In such event, those

Settlement Class Members will be deemed to have waived irrevocably any right in or claim to a

settlement payment, and any funds remaining, after deducting stop payment fees, shall be paid as a

*cy pres* to the Ende, Menzer, Walsh & Quinn Retirees', Widows' and Orphan's Assistance Fund.

### ARTICLE XIII.
### TERMINATION OF SETTLEMENT

**A.      Right to Withdraw.**

In the event the Court (a) declines to enter the Preliminary Approval Order, Final Judgment

or multiple orders, which together provide the same relief, or (b) enters the Preliminary Approval

Order, Final Judgment or multiple orders that together provide relief which is substantively

different than provided herein, the Parties shall have the right, within fourteen (14) days thereafter,

to withdraw from this Settlement Agreement by written notice to the other Parties.  In the event

that any Settlement Class Member appeals the entry of the Final Judgment, and on appeal any

appellate court reverses or substantially modifies the Final Judgment, or orders relief which is

substantively different than provided therein, each of the Parties shall have the right, within

fourteen (14) days thereafter, to withdraw from this Settlement by written notice to the other Party.

The determination of whether any difference between the forms of Preliminary Approval and Final

Approval Order, or any modification on appeal, is substantive, shall be made by each of the Parties

in their sole discretion.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

**B.      Effect of Attorneys' Fees.**

Neither a modification nor reversal on appeal of any amount of attorneys' fees awarded by the Court shall be deemed a substantive modification or reversal of a part of the substantive terms of the Final Judgment.

**C.      Administrative Expenses.**

In the event that any of the Parties elects to withdraw from this Settlement Agreement in accordance with Article XIII above, then the cost of any Administrative Expenses incurred prior to the date of termination shall be borne by the City.

**D.      Payment of Attorneys' Fees.**

In the event that either of the Parties elects to withdraw from this Settlement Agreement in accordance with Article XIII above, then each Party shall pay their own attorneys' fees, and Defendant shall have no obligation whatsoever for the payment of Settlement Class Counsel's or Torrick Ward's Attorneys' Fees.

**E.      Reversion to Status Prior to Settlement.**

If this Settlement Agreement is not approved, or is otherwise terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to their respective status as it existed prior to the execution of this Settlement Agreement, and they shall proceed in all respects as if this Settlement Agreement had not been executed and the related orders and judgments had not been entered, preserving all of their respective claims and defenses in the Action.  In such event, Plaintiffs and Settlement Class Members will be provided the same opportunity for hire, on the same basis, as male applicants who failed the prior PAT.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

## ARTICLE XIV.
## RELEASES

**A.        Release by Operation of Final Judgment.**

Upon the Settlement Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

**B.        Settlement Class Representatives Release.**

Prior to distribution of any Backpay Awards, Settlement Class Representatives and Individual Plaintiffs each agrees to execute a general release of all known and Unknown Claims they might have against the Released Parties based on or arising from or related in any manner to any allegations in the Third Amended Complaint, except for the obligations of this Settlement Agreement, the form of which is attached hereto as Exhibit F.

**C.        Proof of Claim to Release.**

The Proof of Claim to be submitted by Settlement Class Members shall provide that the Settlement Class Member shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

**D.        Full and Complete Release.**

In order to achieve a full and complete release of the City of all claims arising from this lawsuit, each Individual Plaintiff, Settlement Class Representative on behalf of Settlement Class Members and Plaintiffs' Counsel, acknowledge that this Settlement Agreement is meant to include in its effect all claims that were or could have been asserted in this Action, including claims that each Settlement Class Representative, Individual Plaintiff and Settlement Class Counsel asserted or could have asserted on behalf of Settlement Class Members including Unknown Claims.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

**E.      Endorsement Release.**

If the City so instructs the Claims Administrator, checks in payment of amounts due to Settlement Class Member Backpay Recipients may contain a brief statement of waiver of claims released pursuant to this Settlement Agreement as part of the endorsement language.  Settlement Class Counsel's approval of the endorsement language shall be required, and shall not be unreasonably withheld.

**ARTICLE XV.**
**PRELIMINARY TIMELINE FOR COMPLETION OF SETTLEMENT**

The preliminary schedule for Class Notice, approval, and payment procedures carrying out this settlement is below. The schedule may be modified depending on whether and when the Court grants necessary approvals and orders notice to the class, and sets further hearings. In the event of such modification, the Parties shall cooperate in order to complete the settlement procedures as expeditiously as reasonably practicable.

1.      Preliminary Approval Hearing before the Court at the earliest possible date permitted by the Court;

2.      Requests for Exclusion or Objections to the Settlement must postmarked and mailed to the Claims Administrator no later than sixty (60) days after the Claims Administrator mails Class Notice to Settlement Class Members;

3.      The Class Notice shall be mailed to Settlement Class Members no later than fourteen (14) days after the Court enters a Preliminary Approval Order;

4.      Proof of Claim Forms from Settlement Class Members must be postmarked no later than sixty (60) days after the date of mailing of the Class Notice.

47

EXHIBIT 1                                FINAL SETTLEMENT STIPULATION

     5.     Final Approval Hearing before the Court will occur as soon as the Court will hear the Motion for Final Approval after the deadline for the Proof of Claim Forms, Requests for Exclusions and Objections.

### ARTICLE XVI.
### ATTORNEYS' FEES

     The issue of attorneys' fees, costs and expenses for Settlement Class Counsel and Torrick Ward will be resolved either through non-binding mediation, with a mediator to be agreed upon by all Parties or by the Court. If mediation is unsuccessful, Settlement Class Counsel's and Torrick Ward's attorneys' fees, costs and expenses will be decided pursuant to the procedures of Northern District of Illinois Local Rule 54.3. The mediation shall occur within 60 days after entry of the Preliminary Approval Order. The City will pay attorney's fees to Settlement Class Counsel sixty (60) days after the latter of (a) the Settlement Effective Date; or (b) the entry of an order by the Court deciding the issue of attorneys' fees, costs and expenses for Settlement Class Counsel, unless a timely appeal has been filed, in which event the fees will be paid sixty (60) days after the final disposition of any appeals. Settlement Class Counsel will not seek fees and costs in excess of $1.7 million pursuant to Article XVI of this Agreement.

### ARTICLE XVII.
### NO ADMISSION OF LIABILITY OR WRONGDOING;
### INADMISSIBILITY OF SETTLEMENT

     Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of the City. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses, and by entering into this Agreement does not intend to render it, or consent to its becoming, admissible in

EXHIBIT 1                                         FINAL SETTLEMENT STIPULATION

evidence in any other proceeding. Notwithstanding the preceding sentence, this Settlement Agreement shall be admissible in any action or proceeding to approve, interpret or enforce this Settlement Agreement. The Parties agree that this paragraph is not intended to limit in any way any protections afforded by Federal Rules of Evidence 408 or any similar, applicable federal, state or local statute or rule regarding admissibility of this Settlement Agreement.

## ARTICLE XVIII.
## CONSENT TO MAGISTRATE JUDGE JURISDICTION

Upon execution of this Settlement Agreement, the Parties shall consent to transfer of the case from the docket of Judge Tharp to that of Magistrate Judge Valdez. The Parties will appear before the Court for a monthly status hearing, as scheduled by the Court, to report on the implementation of Article VII of this Settlement Agreement.

## ARTICLE XIX.
## MISCELLANEOUS PROVISIONS

**A.      Recitals and Definitions.**

The Recitals and Definitions set forth above are essential elements of this Settlement Agreement.

**B.      Voiding or Modifying the Settlement Agreement.**

This Settlement Agreement may not be changed, altered or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto. Any modification of the Settlement Agreement does not require additional notice to the Settlement Class.

EXHIBIT 1                              FINAL SETTLEMENT STIPULATION

**C.      Parties' Authority.**

The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

**D.      Mutual Full Cooperation.**

The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court or otherwise to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant's Counsel, take all necessary steps to secure the Court's preliminary and final approval of this Settlement Agreement.

**E.      Notices.**

Unless otherwise specifically provided herein, all Notices (other than the Class Notice), demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

EXHIBIT 1                              FINAL SETTLEMENT STIPULATION

To Plaintiffs' Counsel:

David Borgen
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Dr., Ste. 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (Fax)
dborgen@gbdhlegal.com

Marni Willenson
Willenson Law LLC
542 S. Dearborn, Suite 610
Chicago, IL 60605
(312) 508-5380
(312) 508-5382 (Fax)
marni@willensonlaw.com

Susan P. Malone
20 N. Clark Street
Suite 1725
Chicago, IL 60602
(312) 726-2639
(312) 372-6067 (Fax)
smalonelaw@sbcglobal.net

Torrick Alan Ward
4007 N. Broadway, Suite 209
Chicago, IL 60613
(312) 720-7522
torrick-ward@att.net

To the City:

Allan T. Slagel (ARDC No. 6198470)
aslagel@shefskylaw.com
Cary E. Donham (ARDC No. 6199385)
cdonham@shefskylaw.com
Heather A. Jackson (ARDC No. 6243164)
hjackson@shefskylaw.com
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:      (312) 527-4000
Facsimile:      (312) 527-4011

51

EXHIBIT 1                                          FINAL SETTLEMENT STIPULATION

If the identity of the person(s) to be notified for any party change or their address changes, that party shall notify all other Parties of said change in writing.

**F.       Successors and Assigns.**

This Settlement Agreement shall be binding upon and insure to the benefit of the Parties and their successors and assigns.   No Party may assign its rights or obligations under this Settlement Agreement without the prior written consent of all the other Parties.

**G.       Third Parties.**

Nothing in this Settlement Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Settlement Agreement on any Person other than the Parties and their respective successors and assigns, nor is anything in this Settlement Agreement intended to relief or discharge the obligations or liabilities of any third parties to any Party or shall any provision give any third parties any right of subrogation or action over or against any Party.

**H.       Captions and Interpretations.**

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.   The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties supervised by an experienced employment law mediator and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement Agreement.

52

EXHIBIT 1                                 FINAL SETTLEMENT STIPULATION

### I.     Integration Clause.

This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein, including any memoranda of understanding or term sheets.  No rights hereunder may be waived except in writing.

### J.     No Prior Assignments.

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, and successors.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

### K.     Settlement Class Member Signatories.

It is agreed that because the members of the Settlement Class are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement Agreement.  Accordingly, the Individual Backpay Recipients shall sign this Settlement Agreement individually, and the Class Representatives and Settlement Class Counsel shall sign this Settlement Agreement on behalf of the Settlement Class.  The Settlement Class Notice will advise all Settlement Class Members of the binding nature of the release and the Court's Final Judgment, upon its entry, shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member.

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

**L.      Counterparts.**

This Settlement Agreement may be executed in counterparts with signatures transmitted by facsimile or as an electronic image of the original signature.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.  A facsimile signature shall have the same force and effect as the original scanned signature, if and only if it is transmitted from counsel for one party to the other.  Such transmissions shall be interpreted as verification by the transmitting counsel that the signature is genuine and that the party signing has authorized and reviewed the agreement.

**M.      Jurisdiction and Venue.**

The United States District Court for the Northern District of Illinois has jurisdiction over the Parties and the subject matter of this action, and shall have the full power and authority to enforce the Final Judgment.

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

| | |
|---|---|
| Samantha Vasich, individually and on behalf of the Settlement Class | RaShaunda Dooley, individually and on behalf of the Settlement Class |
| Angela Minnick, individually and on behalf of the Settlement Class | Janiece Theeke, individually and on behalf of the Settlement Class |
| Katrina Basic, individually and on behalf of the Settlement Class | Jessica Evans, individually and on behalf of the Settlement Class |
| Kimberly Bailey, individually | Hayley Stafen, individually |

54

EXHIBIT 1                                            FINAL SETTLEMENT STIPULATION


_____          _____
Jennifer Roccasalva, individually        David Borgen
                                         Goldstein, Borgen, Dardarian & Ho
                                         300 Lakeside Drive, #1000
                                         Oakland, CA 94612


_____          _____
Marni Willenson                          Susan P. Malone
Willenson Law LLC                        20 N. Clark Street, #1725
542 S. Dearborn, #610                    Chicago, IL 60602
Chicago, IL 60605


ON BEHALF OF CITY OF CHICAGO, Defendant


_____
Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

## **LIST OF EXHIBITS**

Exhibit A        Class Notice

Exhibit B        Final Judgment

Exhibit C        Preliminary Approval Order

Exhibit D        Proof of Claim

Exhibit E        Summary Class Notice

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION


Jennifer Roccasalva, individually

David Borgen
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, #1000
Oakland, CA 94612


Marni Willenson
Willenson Law LLC
542 S. Dearborn, #610
Chicago, IL 60605

Susan P. Malone
20 N. Clark Street, #1725
Chicago, IL 60602


ON BEHALF OF CITY OF CHICAGO, Defendant

Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

_____          _____
Samantha Vasich, individually and on behalf of   RaShaunda Dooley, individually and on
the Settlement Class                             behalf of the Settlement Class


_____          _____
Angela Minnick, individually and on behalf of    Janiece Theeke, individually and on behalf
the Settlement Class                             of the Settlement Class


_____          _____
Katrina Basic, individually and on behalf of the   Jessica Evans, individually and on behalf of
Settlement Class                                 the Settlement Class


_____          _____
Kimberly Bailey, individually                    Hayley Stafen, individually


_____          _____
Jennifer Roccasalva, individually                David Borgen
                                                Goldstein, Borgen, Dardarian & Ho
                                                300 Lakeside Drive, #1000
                                                Oakland, CA 94612


_____          _____
Marni Willenson                                  Susan P. Malone
Willenson Law LLC                                20 N. Clark Street, #1725
542 S. Dearborn, #610                            Chicago, IL 60602
Chicago, IL 60605


ON BEHALF OF CITY OF CHICAGO, Defendant


_____
Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION


ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:


Samantha Vasich, individually and on behalf of          RaShaunda Dooley, individually and on
the Settlement Class                                    behalf of the Settlement Class


Angela Minnick, individually and on behalf of           Janiece Theeke, individually and on behalf
the Settlement Class                                    of the Settlement Class


Katrina Basic, individually and on behalf of the        Jessica Evans, individually and on behalf of
Settlement Class                                        the Settlement Class


Kimberly Bailey, individually                           Hayley Stafen, individually


Jennifer Roccasalva, individually                       David Borgen
                                                        Goldstein, Borgen, Dardarian & Ho
                                                        300 Lakeside Drive, #1000
                                                        Oakland, CA 94612


Marni Willenson                                         Susan P. Malone
Willenson Law LLC                                       20 N. Clark Street, #1725
542 S. Dearborn, #610                                   Chicago, IL 60602
Chicago, IL 60605


ON BEHALF OF CITY OF CHICAGO, Defendant


Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

_____            _____
Samantha Vasich, individually and on behalf of     RaShaunda Dooley, individually and on
the Settlement Class                               behalf of the Settlement Class


_____            _____
Angela Minnick, individually and on behalf of      Janiece Theeke, individually and on behalf
the Settlement Class                               of the Settlement Class


_____            _____
Katrina Basic, individually and on behalf of the   Jessica Evans, individually and on behalf of
Settlement Class                                   the Settlement Class


_____            _____
Kimberly Bailey, individually                      Hayley Stafen, individually


_____            _____
Jennifer Roccasalva, individually                  David Borgen
                                                   Goldstein, Borgen, Dardarian & Ho
                                                   300 Lakeside Drive, #1000
                                                   Oakland, CA 94612


_____            _____
Marni Willenson                                    Susan P. Malone
Willenson Law LLC                                  20 N. Clark Street, #1725
542 S. Dearborn, #610                              Chicago, IL 60602
Chicago, IL 60605


ON BEHALF OF CITY OF CHICAGO, Defendant


_____
Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601


55

EXHIBIT 1                          FINAL SETTLEMENT STIPULATION

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

Samantha Vasich, individually and on behalf of
the Settlement Class

RaShaunda Dooley, individually and on
behalf of the Settlement Class

Angela Minnick, individually and on behalf of
the Settlement Class

Janiece Theeke, individually and on behalf
of the Settlement Class

Katrina Basic, individually and on behalf of the
Settlement Class

Jessica Evans, individually and on behalf of
the Settlement Class

Kimberly Bailey, individually

Hayley Stafen, individually

Jennifer Roccasalva, individually

David Borgen
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, #1000
Oakland, CA 94612

Marni Willenson
Willenson Law LLC
542 S. Dearborn, #610
Chicago, IL 60605

Susan P. Malone
20 N. Clark Street, #1725
Chicago, IL 60602

ON BEHALF OF CITY OF CHICAGO, Defendant

Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601

EXHIBIT 1                                FINAL SETTLEMENT STIPULATION

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

| | |
|---|---|
| Samantha Vasich, individually and on behalf of the Settlement Class | RaShaunda Dooley, individually and on behalf of the Settlement Class |
| Angela Minnick, individually and on behalf of the Settlement Class | Janiece Theeke, individually and on behalf of the Settlement Class |
| Katrina Basic, individually and on behalf of the Settlement Class | Jessica Evans, individually and on behalf of the Settlement Class |
| Kimberly Bailey, individually | Hayley Stafen, individually |
| Jennifer Roccasalva, individually | David Borgen<br>Goldstein, Borgen, Dardarian & Ho<br>300 Lakeside Drive, #1000<br>Oakland, CA 94612 |
| Marni Willenson<br>Willenson Law LLC<br>542 S. Dearborn, #610<br>Chicago, IL 60605 | Susan P. Malone<br>20 N. Clark Street, #1725<br>Chicago, IL 60602 |

ON BEHALF OF CITY OF CHICAGO, Defendant

Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601

55

EXHIBIT 1                                FINAL SETTLEMENT STIPULATION

one party to the other. Such transmissions shall be interpreted as verification by the transmitting

counsel that the signature is genuine and that the party signing has authorized and reviewed the

agreement.

    **M.**     **Jurisdiction and Venue.**

The United States District Court for the Northern District of Illinois has jurisdiction over

the Parties and the subject matter of this action, and shall have the full power and authority to

enforce the Final Judgment.

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

Samantha Vasich, individually and on behalf          RaShaunda Dooley, individually and on
of the Settlement Class                               behalf of the Settlement Class

Angela Minnick, individually and on behalf of        Janiece Theeke, individually and on behalf
the Settlement Class                                  of the Settlement Class

Katrina Basic, individually and on behalf of         Jessica Evans, individually and on behalf of

55

EXHIBIT 1                                FINAL SETTLEMENT STIPULATION

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

_____          _____
Samantha Vasich, individually and on behalf of        RaShaunda Dooley, individually and on
the Settlement Class                                  behalf of the Settlement Class

_____          _____
Angela Minnick, individually and on behalf of         Janiece Theeke, individually and on behalf
the Settlement Class                                  of the Settlement Class

_____          _____
Katrina Basic, individually and on behalf of the      Jessica Evans, individually and on behalf of
Settlement Class                                      the Settlement Class

_____          _____
Kimberly Bailey, individually                         Hayley Stafen, individually

_____          _____
Jennifer Roccasalva, individually                     David Borgen
                                                      Goldstein, Borgen, Dardarian & Ho
                                                      300 Lakeside Drive, #1000
                                                      Oakland, CA 94612

_____          _____
Marni Willenson                                       Susan P. Malone
Willenson Law LLC                                     20 N. Clark Street, #1725
542 S. Dearborn, #610                                 Chicago, IL 60602
Chicago, IL 60605

ON BEHALF OF CITY OF CHICAGO, Defendant

_____
Allan T. Slagel, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, #2800
Chicago, IL 60601

55

EXHIBIT 1                                    FINAL SETTLEMENT STIPULATION

This Settlement Agreement may be executed in counterparts with signatures transmitted by facsimile or as an electronic image of the original signature. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. A facsimile signature shall have the same force and effect as the original scanned signature, if and only if it is transmitted from counsel for one party to the other. Such transmissions shall be interpreted as verification by the transmitting counsel that the signature is genuine and that the party signing has authorized and reviewed the agreement.

**M. Jurisdiction and Venue.**

The United States District Court for the Northern District of Illinois has jurisdiction over the Parties and the subject matter of this action, and shall have the full power and authority to enforce the Final Judgment.

ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:

| | |
|---|---|
| Samantha Vasich, individually and on behalf of the Settlement Class | RaShaunda Dooley, individually and on behalf of the Settlement Class |
| Angela Minnick, individually and on behalf of the Settlement Class | Janiece Theeke, individually and on behalf of the Settlement Class |
| Katrina Basic, individually and on behalf of the Settlement Class | Jessica Evans, individually and on behalf of the Settlement Class |
| Kimberly Bailey, individually | Hayley Stafen, individually |
| _8-30-13_ | |
| Jennifer Roccasalva, individually | David Borgen Goldstein, Borgen, Dardarian & Ho 300 Lakeside Drive, #1000 |

_8-30-13_

Counsel for Jennifer Roccasalva

54

Settlement Stipulation Exh A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SAMANTHA VASICH, RASHAUNDA
DOOLEY, ANGELA MINNICK, JANIECE
THEEKE, KATRINA BASIC, and JESSICA
EVANS individually and on behalf of all others
similarly situated, and KIMBERLY BAILEY,
HAYLEY STAFEN, and JENNIFER
ROCCASALVA, individually

             Plaintiffs,

vs.

CITY OF CHICAGO, a municipal corporation

             Defendant.

Case No.: 1:11-cv-04843

Magistrate Judge Maria Valdez

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## AND FAIRNESS HEARING

### PLEASE READ THIS NOTICE CAREFULLY

### IT INFORMS YOU OF A PROPOSED CLASS ACTION SETTLEMENT
### AGREEMENT THAT MAY AFFECT YOUR RIGHTS

Women who applied for the job of City of Chicago firefighter/EMT in 2006 and later failed the Physical Abilities Test (PAT) filed a class action lawsuit that was recently settled. You may be part of the Settlement Class and have rights under the Settlement: 1) To reapply for the Firefighter/EMT job or 2) To receive money from the Settlement Fund. This Notice explains your rights.

### THE SETTLEMENT CLASS

The Settlement Class includes women who passed the **2006 written exam** to become a Chicago Fire Department ("CFD") firefighter/EMT and failed the physical abilities test (PAT) when it was administered between December 2007 and April 2010.

If this definition includes you, you may be a Settlement Class Member and had the right to reapply for the job or receive money. If you reapplied and qualify, you **will be hired** in either 2013 or early 2014. If you are **not** hired by CFD in 2013 or 2014 and you timely file a claim as set forth below, you will receive money from the Settlement Fund. Please read below for more information**.**

Women who have reached the age of 38 or will turn 38 before October 1, 2013 **ARE** in the Settlement Class and **WILL** receive money under the Settlement if they timely submit a claim, as set forth herein. But they do not qualify to reapply because a City ordinance does not permit the hiring of firefighters who have reached age 38.

Women who were notified before July 2011 that they were disqualified for some reason **other than** failing the PAT are **not** in the Settlement Class.

Women who applied to be a Chicago firefighter in **1995** (not 2006) are **not** in the Settlement Class.

Women who **passed** the PAT but were disqualified for some reason are **not** in the Settlement Class.

## BASIC INFORMATION

**1.      Why Did I Get This Notice?**

You received this Notice either because (a) you requested it or (b) CFD records indicate that you may be a member of the Settlement Class because the City sent you notice that you failed the firefighter/EMT physical abilities test (PAT) between December 2007 and April 2010.

**2.      What Is The Lawsuit About?**

The lawsuit alleges that the physical abilities test (PAT) discriminated against female applicants. By agreeing to the proposed Settlement, the City is not admitting that it did anything wrong. The City denies all wrongdoing.

**3.      What are the Benefits of the Settlement?**

The City has agreed to stop using the PAT and adopt a different physical test to hire firefighter/EMTs. For 2013 and 2014, the City is using the Candidate Physical Abilities Test (the "CPAT"), licensed by the International Association of Fire Firefighters. The Plaintiffs who filed the lawsuit have not endorsed the CPAT. However, they have agreed to the City's use of the CPAT for hiring Settlement Class Members under the Settlement because they believe it is an improvement compared to the PAT previously used by the City and because the CPAT is available now.

Under the Settlement, Settlement Class Members under the age of 38 were eligible for a second opportunity to be hired. The hiring process began in May 2013. If you are under the age of 38, you should have received a notice of your right to reapply and begin processing. If you did not participate in processing, you are no longer eligible to reapply for the job but will receive money under the Settlement if you timely submit a claim as set forth herein.

Settlement Class Members who are not hired for any reason (e.g. because they are over 38, don't want the job, don't pass the CPAT, decide to drop out for any reason etc.) will be eligible for a share of the Class Settlement Fund. The Class Settlement Fund will total $1,590,023, which will be divided among eligible Settlement Class Members who file claims on time. To file a claim and receive money under the Settlement, you must follow the instructions described below.

**4.      Who Brought the Lawsuit, and What Additional Benefits Will They Receive?**

The Plaintiffs in the lawsuit are Samantha Vasich, RaShaunda Dooley, Jessica Evans, Katrina Basic, Angela Minnick, Janiece Theeke, Kimberly Bailey, Hayley Stafen and Jennifer Roccasalva. Plaintiffs Vasich, Dooley, Evans, Basic, Minick and Theeke acted as Settlement Class Representatives and will receive a total of $70,000 (split among them) for their service to the Class. Some of the Plaintiffs had filed their own charges of discrimination with the Equal Employment Opportunity Commission and filed individual claims in this lawsuit. Those Plaintiffs will also receive individual monetary payments under the Settlement totaling $268,000 ($42,000 to Plaintiffs Minnick, Theeke, Stafen and Bailey; $17,000 to Plaintiff Basic; $73,000 to Plaintiff Evans; and $10,000 to Plaintiff Roccasalva). The Plaintiffs are eligible to receive both money under the Settlement and a firefighter/EMT job, if they qualify for the job.

In addition, the Plaintiffs who held the rank of Paramedic in Charge prior to 2009 will also receive a pro rata share of $75,000 if they are hired as Firefighter/Paramedics in either the 2013 or 2014 Fire Academy Classes. If none of Plaintiffs who held the rank of Paramedic in Charge prior to 2009 are hired as Firefighter/Paramedics in the 2013 or 2014 Fire Academy Class, then the City shall pay Settlement Class Counsel $50,000 as reimbursement for pretest training provided to Settlement Class Members.

**5.      How Do I Submit A Claim?**

To receive a benefit from this Settlement, you must submit a Claim Form by mail. **YOUR CLAIM MUST BE POSTMARKED NO LATER THAN [MONTH DAY, 2013] TO BE CONSIDERED TIMELY. IF YOUR CLAIM IS NOT POSTMARKED BY THIS DATE, YOU WILL HAVE WAIVED YOUR RIGHT TO RECEIVE ANY MONEY FROM THE SETTLEMENT FUND.**

**If you are reapplying for the job, you should still file a claim. If you fail to file a claim, and you don't get a job offer, you won't get a settlement payment either. Filing a claim will not harm your chances to be hired. You should pursue the job and also file a claim.**

Complete and sign the enclosed Claim Form, indicating that you wish to participate in the Class Settlement, and submit it to the Claims Administrator at the address below.

**Vasich v. City of Chicago Claims Administrator**

**c/o Class Action Administration, Inc.**
**PO Box 6848**
**Broomfield, CO 80021**

**6.      Must I Submit a Claim?**

To receive any money under the Settlement, you must complete the enclosed Claim Form and mail it on time.

You do not need to do anything to become part of the Settlement Class. As a Settlement Class Member, you will be bound by all proceedings, orders and judgments entered in connection with the Proposed Settlement, including the release of claims, even if you do not file a Claim Form.

**7.      What If I Do Not Want To Be Part of The Settlement?**

If you do not want to be a member of the Settlement Class and participate in the Settlement, then you must opt out of the Settlement. To opt out, send a letter to the Claims Administrator at the address below requesting exclusion from the Class.

**Vasich v. City of Chicago Claims Administrator**
**c/o Class Action Administration, Inc.**
**PO Box 6848**
**Broomfield, CO 80021**

**TO OPT OUT, YOU MUST MAIL YOUR LETTER REQUESTING EXCLUSION NO LATER THAN [MONTH DAY, 2013]. IF YOUR LETTER IS NOT POSTMARKED BY [MONTH DAY, 2013] YOUR RIGHT TO OPT OUT WILL BE WAIVED, AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.**

If you opt out, you will not receive any payment under the Settlement and you will not be allowed to comment on or object to the Settlement. However, the release will not apply to you, which means you will retain your rights.

**8.      How Much Money Will I Receive if I Don't Get the Job?**

Class Members who are not hired as CFD firefighter/EMTs in 2013 or 2014 and who file claims on time will share the $1,590,023 Settlement Fund. The fund will be shared per capita, meaning that each Class Member will receive an equal amount.

The amount that each Class Member will receive won't be known until early 2014, because some Class Members who are reapplying for the job are not expected to be hired until that time and only Class Members who **don't** get jobs will share the money. Once it is known how many Settlement Class Members are hired, the

calculation can be done to determine how much the Settlement Class Members who were **not** hired will receive. The amount is estimated to be between $8,500 and $17,000, minus applicable taxes and other necessary withholding.

**9.  When Will I Get Paid?**

Payment is anticipated to be made in 2014 after the start of the first 2014 Fire Academy class, when the amount due to Settlement Class Members who are not hired can be calculated.

**10.  Who Decides Whether a Claim Form is Valid?**

The Claims Administrator decides which claims are valid, subject to review by Settlement Class Counsel and attorneys for the City and/or the Court.

**11.  Who Are The Attorneys Representing the Class?**

Under the Settlement, the Plaintiffs will ask the Court to appoint the attorneys who filed the lawsuit for them as Class Counsel. Attorneys to Plaintiffs and the Settlement Class are:

David Borgen
dborgen@gbdhlegal.com
Goldstein, Borgen,
Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, California 94612-3536
Tel. (510) 763-9800
Fax (510) 835-1417

Susan P. Malone
smalonelaw@sbcglobal.net
20 N. Clark St., Suite 1725
Chicago, IL 60606
Tel. (312) 726-2638
Fax (312) 372-6067

Marni Willenson
marni@willensonlaw.com
Willenson Law, LLC
542 S. Dearborn, Suite 610
Chicago, IL 60605
Tel. (312) 508-5380
Fax (312) 508-5382

**12.  How Will The Lawyers Be Paid?**

The Civil Rights Act of 1964, which was the basis for the lawsuit, allows plaintiffs to recover their attorney's fees from the party being sued. Under the Proposed Settlement, the City will pay Settlement Class Counsel's attorney's fees. **You will not be required to pay for attorney's fees as a result of your participation in the Settlement.**

The exact amount of fees to be paid to Class Counsel has not yet been determined and will be resolved either through non-binding mediation, or if that doesn't work, then through local federal court procedures that apply to the determination of attorney's fees (Local Rule 54.3 of the Northern District of Illinois). Settlement Class Counsel have agreed as a part of the Settlement that they will not seek in excess of **$1.7 million**

**13.     Should I Get My Own Lawyer?**

You do not need to hire your own lawyer.  However, if you want your own lawyer to speak for you or appear in Court, your attorney will need to file a Notice of Appearance.  Hiring a lawyer to appear for you in the lawsuit will be at your own expense.

**COMMENTING ON THE PROPOSED SUPPLEMENTAL SETTLEMENT**

**14.     Can I Comment On Or Object To the Proposed Settlement?**

If you have comments about, or disagree with, any aspect of the Proposed Settlement, you may express your views to the Court in writing.  **If you wish to receive money from the Settlement Fund, you must also file a Claim Form.** The written response should include your name, address, telephone number and a brief explanation of your comment or reason for objection.  The document must be signed to ensure the Court's review.  The response **must be postmarked on or before _____ [MONTH DAY, 2013]** and be mailed to the Court, Class Counsel (representing Plaintiffs) and Defense Counsel (attorneys for the City) at the addresses below:

**COURT**
Clerk of Court
US District Court for the
Northern District of Illinois
219 S. Dearborn St., 20th
Floor
Chicago, IL  60604

**DEFENSE COUNSEL**
Allan T. Slagel, Esq.
Cary E. Donham, Esq.
Heather A. Jackson, Esq.
Shefsky & Froelich Ltd.
111 E. Wacker Drive, Ste.
2800
Chicago, IL  60601

**CLASS COUNSEL**
David Borgen
Goldstein, Borgen, Dardarian
& Ho
300 Lakeside Drive, Suite
1000
Oakland, California
94612-3536

**CLASS COUNSEL**
Susan P. Malone
20 N. Clark St., Suite 1725
Chicago, IL 60606

**CLASS COUNSEL**
Marni Willenson
Willenson Law, LLC
542 S. Dearborn, Suite 610
Chicago, IL 60605

Your document must clearly state that it relates to Civil Action Number 11-cv-04843.

**15.     Dismissal With Prejudice, Approval Of The Proposed Settlement and Release Of Claims**

If the Court approves the Proposed Settlement, it will enter a judgment dismissing the litigation with prejudice as to all claims of the Settlement Class against the City. In addition, the City will receive from the Settlement Class (except for those

persons who have timely opted out of the Settlement) a release and discharge of all claims, demands, actions, suits and causes of action that have been brought or could have been brought, are currently pending or were pending, by any Settlement Class Member against the City, in any forum, whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that raise the same claim as the ones raised in this case.

This means that all Settlement Class Members who have not opted out of the Settlement will be forever barred from bringing, continuing or being part of any claim or lawsuit against the City of Chicago or the Chicago Fire Department or their employees, personnel or representatives, **as to the claims made or which could have been made in the lawsuit**, for all past events. If you fall within the Settlement Class definition and do not want to be prevented from bringing, continuing or being a part of such a lawsuit, you must opt out from the Settlement Class and Proposed Settlement as explained above in Paragraph 8.

**16.     The Court's Final Approval Hearing**

The United States District Court will hold a Final Approval Hearing on [MONTH DAY, 2013] at [HH:MM] to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing the Court may decide whether to approve the Proposed Settlement.  If comments or objections have been timely received, the Court will consider them at that time.  Updated information will be posted on the website for this Settlement operated by the Class Action Administrator, **www._____.com**.

**17.     Must I Attend The Final Approval Hearing?**

No. Settlement Class Members are neither expected nor required to attend a final approval hearing. You are welcome to attend, and you can have a personal attorney appear for you at your own expense. If you send written comments or objections, the Court will consider them even if you do not attend.

<u>GETTING MORE INFORMATION</u>

**18.     Who Do I Contact if I Have Questions?**

If you have questions about the Settlement or this Notice, you should call or e-mail Settlement Class Counsel using the information under Question 12.

If you have questions about the Claim Form or Opt-Out Form, you can contact the Claims Administrator by visiting www._____.com or calling toll-free 1-855-326-5674.  You should read the information on the website regarding the "Proposed Settlement," or if you call, you the toll-free number above, you should indicate that you are a member of the "Proposed Settlement Class."

**Do <u>not</u> contact the judge or the Court with the questions**.

You can review and copy the legal documents filed with the Court during regular business hours at the Clerk of Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604 or by using the Public Access to Court Records (PACER) system at https://ecf.ilnd.uscourts.gov/cgi-bin/ShowIndex.pl. You need to set up a PACER account to view records online, and there is a per-page charge for most documents. The most important case-related documents will also be available on the website for this Settlement operated by the Class Action Administrator, **www._____.com**.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA VASICH, RASHAUNDA DOOLEY, ANGELA MINNICK, JANIECE THEEKE, KATRINA BASIC, and JESSICA EVANS individually and on behalf of all others similarly situated, and KIMBERLY BAILEY, HAYLEY STAFEN, and JENNIFER ROCCASALVA, individually, | Case No.: 1:11-cv-04843 |
| *Plaintiffs*, | Magistrate Judge Maria Valdez |
| vs. | |
| CITY OF CHICAGO, a municipal corporation, | |
| *Defendant*. | |

## FINAL JUDGMENT AND ORDER

Plaintiffs Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic, and Jessica Evans (the "Settlement Class Representatives"), individually and on behalf of all others similarly situated, and Kimberly Bailey, Hayley Stafen and Jennifer Roccasalva, individually (the "Individual Plaintiffs") (collectively, "Plaintiffs"), and Defendant the City of Chicago ("Defendant"; collectively with Plaintiffs, the "Parties"), having filed a Motion for Final Approval of Class Action Settlement (collectively, the "Motion"), seeking an order granting final approval of the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") entered into by the Parties;

Plaintiffs having also filed the Affidavit of the Claims Administrator (the "CAA Affidavit") and the Affidavit of Settlement Class Counsel; due and adequate notice having been given to the Settlement Class; and the Court being otherwise advised;

After review and consideration of the Stipulation, the Motion, the CAA Affidavit, and the Affidavit of Settlement Class Counsel, all other pleadings filed with the Court and the Exhibits annexed thereto, any comments received regarding the proposed Settlement, and having reviewed the entire record in the Action and good cause appearing, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court, for purposes of this Final Judgment and Order (the "Order"), adopts all defined terms as set forth in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the Settlement Class Members, and Defendant.

3.      The Court finds that the distribution of the Notice and Proof of Claim form, and publication of the Summary Notice of Proposed Class Action Settlement, as provided for in the Stipulation and Preliminary Approval Order, constituted the best notice practicable under the circumstances to apprise all persons within the definition of the Settlement Class of the pendency of the Action and their rights in it, the terms of the proposed Settlement of the Action, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement.  The Court finds that the provision of notice to the Settlement Class Members fully met the requirements of Federal Rule of Civil Procedure 23(C)(2)(B), due process, the United States Constitution, and any other applicable law.

4.      The Court provides final approval of the prior provisional certification of the Settlement Class, for settlement purposes, pursuant to FED. R. CIV. P. 23(b)(3) consisting of all females who passed the 2006 written qualifying exam to become a CFD firefighter/EMT, who failed the PAT between December 2007 and April 10, 2010, and who were not otherwise

2

previously disqualified as an applicant for a firefighter/EMT position with the CFD for a reason other than age.

5.     Pursuant to FED. R. CIV. P. 23(b)(3), Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic, and Jessica Evans are approved as Settlement Class Representatives.

6.     With respect to the Settlement Class, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(b)(3) are satisfied as: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Class; (d) the Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:   (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

7.     After hearing, and based upon the submission of the Parties, the Motion is granted.  This Court approves the Settlement as set forth in the Stipulation, each of the releases, and other terms as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties to the Stipulation are therefore directed to consummate and perform its terms.

8.     In addition, the Court specifically finds:

(i)     The Settlement recovery is commensurate with, if not more so, than the strength of the claims of the Settlement Class.

(ii)    Further litigation of the Settlement Class Members' claims would be complex (dispositive motion practice, expert practice, trial, determining which Settlement Class Members could actually recover), lengthy and expensive, and not at all certain to yield a positive result for the Settlement Class.

(iii)   There is no indication of any collusion between Class Counsel and Plaintiffs acting as class representatives, on the one hand, and Defendant, on the other.  This matter has been vigorously and ably litigated by both sides.

(iv)    Settlement Class Counsel, experienced class action attorneys in this niche of the law, have expressed the view that the Settlement terms are fair.

(v)     The Settlement Class Members who received appropriate notice have supported the Settlement.  [Optional language, depending upon objections: No Settlement Class Members have objected to the Settlement.]

(vi)    The stage of proceedings is highly appropriate for a class settlement.  The Parties have taken discovery and litigated limited summary judgment issues, and thus have a good sense of the value of the case.

9.     In order to consummate the terms of the Stipulation, the Court hereby authorizes and directs the Claims Administrator to make the following payments in accordance with the timing set forth below:

| Payee | Amount | Purpose | Date |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| Samantha Vasich | $15,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Rashaunda Dooley | $15,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Angela Minnick | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Janiece Theeke | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Katrina Basic | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Jessica Evans | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Angela Minnick | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Janiece Theeke | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Katrina Basic | $17,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Jessica Evans | $73,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Haley Stafen | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Kimberly Bailey | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Jennifer Roccasalva | $10,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |

10.    The Defendant is directed as follows with respect to the Classwide Backpay Amount following the entry of this Final Judgment and Order:

5

(a)    Within seven days of the Hiring Election Date, the Claims Administrator will determine the number of Non-Hired Settlement Class Members.

(b)    The amount paid to each Claimant as a Non-Hired Settlement Class Member shall be calculated as follows:  $1,590,023 divided by the number of Non-Hired Settlement Class Members who filed valid Proof of Claims rounded down to the nearest dollar.

(c)    Payment shall be made to the Non-Hired Settlement Class Members no later than 60 days after the latter of (a) the Settlement Effective Date or the (b) Hiring Election Date.

11.    The Defendant shall make a payment of Seventy-Five Thousand Dollars ($75,000) to be divided equally among Individual Backpay Recipients who held the rank of Paramedic in Charge prior to 2009 and who are hired in either the 2013 or 2014 Classes.  The payment will be made no later than fifteen (15) days after the latter of (a) the entry of Crossovers into the 2014 Fire Academy Class or (b) the Settlement Effective Date.  In the event that no Individual Backpay Recipient who holds the rank of Paramedic in Charge prior to 2009 is hired in either the 2013 or 2014 Class, the City shall pay Settlement Class Counsel Fifty Thousand Dollars ($50,000) as reimbursement for pretest training provided to Settlement Class Members but no other payment need be made under this paragraph.

12.    As of the date of the entry of this Order, the Hiring Process set forth in Article VII.C as it relates to the 2013 Class has been completed.  Defendant is directed to complete hiring of qualified Plaintiffs and Settlement Class Members for the 2014 Class pursuant to Article VII of the Stipulation and the following:

(a) Settlement Class Member hiring shall be subject to the City Ordinance § 2-152-410(e) limiting the hiring of firefighters to persons less than 38 years of age.

(b) Settlement Class Members who are New Hires selecting a CPAT Completion Date of December 31, 2013 (at the Second Stage Processing, or as modified pursuant to Article VII(C)(3)(b) of the Stipulation) shall have until December 31, 2013 to present their CPAT Cards.

(c) Settlement Class Members who are Crossovers and who selected the later CPAT Completion Date shall have until the first day of the 2014 Class to present a CPAT Card to CFD.

(d) All Settlement Class Members entering the 2014 Class must have successfully completed all Pre-Hiring Processing no later than fourteen (14) calendar days prior to Final Processing for the 2014 Class.

(e) All New Hires selecting a CPAT Completion Date of December 31, 2013 who present a CPAT Card by December 31, 2013 and who are deemed fully qualified pursuant to the Normal and Customary Hiring Standards will be hired into the 2014 Class.

(f) All Settlement Class Members who are Crossovers who selected the later CPAT Completion Date submit a CPAT Card by the first day of the 2014 Class and who are deemed fully qualified pursuant to the Crossover Hiring Standards will be hired into the 2014 Class.

13. After completion of hiring by CFD for the 2014 Class, the following process shall apply to the potential hiring of Deferred Settlement Class Members for a subsequent Fire

7

Academy class so long as the 2006 Eligibility List is being used to hire any candidates for the second 2014 Fire Academy Class:

(a)     Settlement Class Member hiring shall be subject to the City Ordinance § 2-152-410(e) limiting the hiring of firefighters to persons less than 38 years of age.

(b)     Deferred Settlement Class Members who are deemed qualified under CFD's Normal and Customary Hiring Standards and who present a CPAT Card no less than 60 days prior to the first day of a second 2014 Fire Academy Class will receive offers of employment from CFD to enter the second 2014 Fire Academy Class.

(c)     In order to receive an offer of employment pursuant to Paragraph 13(b) above, however, each Deferred Settlement Class Member must elect in writing on or before the Hiring Election Date whether to (i) continue processing for possible hiring by the CFD as a Firefighter/EMT and waive any right to a Backpay Award, or (ii) receive a Backpay Award and waive any right to hiring by the CFD as a Firefighter/EMT.

(d)     At least fourteen (14) prior to the Election Date, the City will provide Settlement Class Counsel with the names and Updated Addresses of all Deferred Settlement Class Members who will be required to make an election.  A Deferred Settlement Class Member who elects to waive any right to hiring by the CFD or fails to timely make an election in writing is a Non-Hired Settlement Class Member.

In the event the City notifies Settlement Class Counsel that it does not intend to select and train another Fire Academy class consisting of applicants off of the 2006 Eligibility List but does thereafter hire another class consisting, in whole or

8

in part, of applicants off of the 2006 eligibility list, Deferred Settlement Class Members who elected to receive a proportionate share of the Classwide Backpay Amount shall be offered at such time the opportunity to continue processing for potential hire into the Fire Academy class subject to their repayment to the City of the net amount, if any, already received as a proportionate share of the Classwide Backpay Amount. Any funds recovered by the City pursuant to this paragraph shall be paid as a *cy pres* to the Ende, Menzer, Walsh & Quinn Retirees', Widows' and Orphan's Assistance Fund. Deferred Settlement Class Members processed under this paragraph and who are deemed qualified under CFD's Normal and Customary Hiring Standards and who present a CPAT Card no less than 60 days prior to the first day of a second 2014 Fire Academy Class will receive offers of employment from CFD to enter the second 2014 Fire Academy Class.

14.     Defendant is directed to hire the Individual Plaintiffs and the Settlement Class Representatives who are deemed qualified pursuant to the Normal and Customary Hiring Standards or Crossover Hiring Standards (as applicable), and those Individual Plaintiffs and the Settlement Class Representatives shall not be deemed disqualified solely due to age and application of City Ordinance § 2-152-410(e).

15.     The Court finds that all persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation.

16.     Except as to any individual claim of those Persons (identified in Exhibit 1 hereto)

9

who have validly and timely requested exclusion from the Settlement Class, the Action, and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to Plaintiffs and other Settlement Class Members.

17.     The Parties are to bear their own costs, except as provided in the Stipulation and specifically in Article XVI, which sets forth the Parties' agreement as to the resolution of attorneys' fees, costs and expenses for Settlement Class Counsel.

18.     By operation of the Final Judgment and Order and under the terms of the Stipulation and releases therein, it is intended to preclude, and shall preclude, Plaintiffs and all other Settlement Class Members from filing or pursuing any Released Claims under federal law or the law of any state.

19.     Plaintiffs and the Settlement Class Members are deemed to have, and by operation of the Final Judgment and Order shall have fully, finally, and forever released, relinquished and discharged all Released Claims against each and all of the Released Parties, whether or not such member of the Settlement Class executed or timely delivered the Proof of Claim.

20.     Only those Settlement Class Members who have filed valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund.  The Proof of Claim executed by the Settlement Class Members shall further release all Released Claims against the Released Parties.  All Settlement Class Members shall be bound by the releases whether or not they submit a valid and timely Proof of Claim.

21.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement including this Final Judgment and Order (i) is or may be deemed to be or may be used as an admission of, or

evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendant; or (ii) shall be offered in evidence by any Party for any purpose except as provided for in this paragraph. In addition, neither the Stipulation, nor the Settlement, nor any act performed or document executed to or in furtherance of the Stipulation or the Settlement including this Final Judgment and Order shall be construed as an acceptance or endorsement of the CPAT by the Individual Plaintiffs or Settlement Class Representatives for themselves or the Settlement Class or by the Court for any purpose or use other than its interim use as a term and condition of the Stipulation [THE FOLLOWING LANGUAGE DISPUTED (PROPOSED BY PLAINTIFFS/REJECTED BY CITY): and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of an acceptance or endorsement of the CPAT for use in employee selection or retention]. The Released Parties may file the Stipulation and/or the Final Judgment and Order in any other action that may be brought against them in order to support a defense based upon principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense. The Parties may file the Stipulation in any proceeding brought to enforce any of the terms or provision of the Stipulation.

22.     Only those persons who meet the definition of the Settlement Class identified on Exhibit 1 hereto as having validly filed Requests for Exclusion from the Settlement Class shall not be bound by this Final Judgment and Order.

23.     Any order, or any objection to or appeal from any order approving Settlement Class Counsel's Attorney's Fees or incentive payments to Plaintiffs, shall in no way disturb or affect this Judgment and shall be considered separate from this Order.

24.     The Court finds that the amount paid and other terms of the Settlement were

negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

25.     The Court finds that there is no just reason for delaying enforcement of this Order.

26.     [THIS PARAGRAPH DISPUTED (PROPOSED BY PLAINTIFFS/REJECTED BY CITY): The Court retains jurisdiction for monthly status hearings, as scheduled by the Court, until the hiring process is complete.]

By the Court:

_____
Hon. Maria Valdez, Magistrate Judge

Dated:

Settlement Stipulation Exh C

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA VASICH, RASHAUNDA DOOLEY, ANGELA MINNICK, JANIECE THEEKE, KATRINA BASIC, and JESSICA EVANS individually and on behalf of all others similarly situated, and KIMBERLY BAILEY, HAYLEY STAFEN, and JENNIFER ROCCASALVA, individually, | |
| | Case No.: 1:11-cv-04843 |
| | Magistrate Judge Maria Valdez |
| *Plaintiffs*, | |
| vs. | |
| CITY OF CHICAGO, a municipal corporation, | |
| *Defendant*. | |

## PRELIMINARY APPROVAL ORDER

Plaintiffs Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic, and Jessica Evans (the "Settlement Class Representatives"), on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendant the City of Chicago ("Defendant"; collectively with Plaintiffs, the "Parties"), having filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion," Docket No. ___), seeking an order granting preliminary approval of the proposed settlement of the Litigation (the "Settlement"), in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") entered into by the Parties;

The Parties being in agreement; and the Court being fully advised;

After review and consideration of the Stipulation and the Motion, and after due deliberation, IT IS HEREBY ORDERED that:

1.      The Court, for purposes of this order (the "Preliminary Approval Order"), adopts the defined terms as set forth in the Stipulation.

2.     The Court hereby conditionally certifies, solely for purposes of effectuating the Settlement, a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all females who passed the 2006 written qualifying exam to become a CFD Firefighter/EMT, who failed the PAT between December 2007 and April 10, 2010, and who were not, prior to July 19, 2011, notified of their disqualification as an applicant for a Firefighter/EMT position with the CFD for a reason other than failure of the PAT or age.

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3) and for the purpose of settlement only, Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic and Jessica Evans are appointed as Settlement Class Representatives.

4.     The Court preliminarily approves the payment of Service Awards to the Settlement Class Representatives as follows:

| | |
|---|---|
| Samantha Vasich | $15,000.00 |
| RaShaunda Dooley | $15,000.00 |
| Angela Minnick | $10,000.00 |
| Janiece Theeke | $10,000.00 |
| Katrina Basic | $10,000.00 |
| Jessica Evans | $10,000.00 |
| **TOTAL** | **$70,000.00** |

5.     With respect to the Settlement Class, this Court expressly finds and concludes provisionally and for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the

Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation.

6.      The law firms of Goldstein, Borgen, Dardarian & Ho of Oakland, California and Willenson Law LLC, and the Law Office of Susan P. Malone of Chicago, Illinois are appointed as Settlement Class Counsel.

7.      Settlement Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

8.      The Court preliminarily approves the Settlement as set forth in the Stipulation as appearing to be within the range of fairness, reasonableness and adequacy. This preliminary approval is subject to the right of any Settlement Class Member to challenge the fairness, reasonableness and adequacy of the Stipulation, or the fairness and adequacy of their representation by Settlement Class Counsel, and to show cause, if any exists, why final judgment dismissing the Litigation based on the Stipulation should not be ordered herein after due and

adequate notice to the Settlement Class has been given in conformity with this Preliminary Approval Order.

9.      By its express terms, the Stipulation is subject to the approval of the Settlement by the Chicago City Council, which the City intends to seek on September 11, 2013.  If the Settlement is not approved by the City Council, the City shall immediately report this to the Court and Settlement Class Counsel, and the Settlement, the Stipulation, and this preliminary approval shall have no force and effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered into.

10.     The Court directs and authorizes the City to retain Class Action Administration, Inc. ("CAA") as the Claims Administrator to administer the Settlement in accordance with the terms and conditions of the Stipulation.

11.     The Court approves the Class Notice and Summary Class Notice attached to the Stipulation as Exhibits A and E, and finds the Class Notice and Publication of Summary Class Notice: (1) to constitute the best and most practicable notice to the members of the Settlement Class under the circumstances, (2) are due and sufficient notice of the Final Approval Hearing, proposed Settlement and other matter set forth in the Class Notice and Summary Class Notice, and (3) shall fully satisfy the requirements of due process and of Federal Rule of Civil Procedure 23(c)(2)(B).

12.     The Court approves the form of the Proof of Claim attached to the Stipulation as Exhibit D.

13.     The Court directs and authorizes the Claims Administrator to provide Class Notice to the Last Known Address or Updated Address (if applicable) of all Settlement Class

4

Members by first class mail by the later of fourteen (14) days after entry of the Preliminary Approval Order or City Council approval (the "Notice Mailing"). Enclosed with all Class Notices shall be a Proof of Claim Form and postage pre-paid envelope addressed to the Claims Administrator.

14.     The Court directs and authorizes the Claims Administrator to publish Summary Class Notice, in the form agreed to by the Parties, and attached to the Stipulation as Exhibit E, on three (3) occasions in the legal notice section of the *Chicago Tribune* in three (3) consecutive weeks, beginning the later of fourteen (14) days following entry of the Preliminary Approval Order or City Council approval.

15.     The Court directs and authorizes the Claims Administrator to maintain a toll-free VRU telephone line and answering service containing recorded answers to frequently asked questions, the content of which shall be agreed upon between Defendant's Counsel and Settlement Class Counsel along with an option permitting potential Settlement Class Members to speak to a live operator to leave messages in a voicemail box. The Court further directs and authorizes the Claims Administrator to maintain the Website for this Settlement for at least 90 days after the expiration of the period for the submission of Proofs of Claim.

16.     At least five (5) days prior to the Final Approval Hearing, the Claims Administrator shall prepare, and the Parties shall provide to the Court, a declaration by the Claims Administrator of due diligence and proof of mailing of the Class Notices and Proof of Claim, and of the delivery results of the Claims Administrator's mailings including tracing and re-mailing efforts.

17.     Any Settlement Class Member who objects to the Settlement, any part thereof, the representation of the Settlement Class by Settlement Class Counsel, or who otherwise wishes to be heard, may appear in person or by her attorney at the Final Approval Hearing and present evidence or argument that may be proper or relevant; provided, however, that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court, unless such person objects to the Settlement, or any part thereof, in writing by mailing a written objection to the Claims Administrator postmarked no later than sixty (60) days after the Notice Mailing.  Settlement Class Members shall be permitted to withdraw their objections at any time prior to the Final Approval Hearing.

18.     Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement and the Settlement Class. Any such person must submit to the Claims Administrator a Request for Exclusion postmarked no later than sixty (60) days after the Notice Mailing.  The Request for Exclusion may be rescinded at any time prior to the Final Approval Hearing.

19.     Any Settlement Class Member who wishes to participate in the Settlement Class Member Backpay Award must submit a Proof of Claim to the Claims Administrator postmarked no later than sixty (60) days after the Notice Mailing. Unless a Settlement Class Member submits a valid and timely Request for Exclusion, a Settlement Class Member who takes no action will be bound by the Final Judgment, and will not receive any payment.

20.     If the Settlement Effective Date does not occur for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided

for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), (i) shall be without prejudice, and none of the terms shall be effective or enforceable; (ii) the costs of Class Notice and the Administrative Costs that have been incurred or expended pursuant to the terms of the Stipulation shall be paid by the City; (iii) the Parties shall revert to their Litigation positions immediately prior to the execution of the Stipulation; and (iv) the fact and terms of the Stipulation and Settlement shall not be admissible in any trial of this or any other litigation.

21.     All proceedings in the Litigation, other than those proceedings that may be necessary to carry out the terms and conditions of the Settlement are hereby stayed and suspended until further order of this Court.

22.     Neither this Preliminary Approval Order, the Motion, the Stipulation, any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of the City or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Settlement Class, or any other Person, has suffered any damage. In addition, neither this Preliminary Approval Order, the Motion, the Stipulation, any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as an acceptance or endorsement of the CPAT by the Individual Plaintiffs or Settlement Class Representatives for themselves or the Settlement Class

7

or by the Court for any purpose or use other than its interim use as a term and condition of the Stipulation.

23.     The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Settlement Class.

24.     This matter is set for a hearing on final approval of the Settlement on _____ at ___:___ a.m./p.m.

25.     The Parties shall appear before the Court for a status hearing to report on the implementation of Article VII of the Stipulation on _____, 2013 at _____.

Dated:  August __, 2013                    By the Court:

 

 

_____

Hon. Maria Valdez, Magistrate Judge

1245447_5

8

Vasich v. City of Chicago Claims Administrator
c/o Class Action Administration, Inc.
PO Box 6848
Broomfield, CO 80021

*Vasich v. City of Chicago, No. 11-CV-04843*
*In the United States District Court for the*
*Northern District of Illinois Eastern Division*

Settlement Stip. Exh D

# SETTLEMENT CLAIM FORM

**\*XXX0000001\***

**Claim ID: CAA0123456**

[Class Member Name]
[Mailing Address 1]
[Mailing Address 2]
[City, State ZIP]

By signing below, I certify that I am a class member and express my intent to participate in the Settlement of Vasich v. City of Chicago, No. 11-C-4843 (U.S. Dist. Court for the N.D. Ill.) and to receive a payment if I am not hired by the Chicago Fire Department.

I understand that by choosing to participate in the Settlement I will be bound by the terms of the Settlement Agreement including the Release of Claims and will not be able to bring my own lawsuit for the same alleged violations.

**THIS FORM MUST BE POSTMARKED BY _____ AND MAILED TO THE ADDRESS BELOW IN ORDER TO BE VALID.**

**Vasich v. City of Chicago Claims Administrator**
**c/o Class Action Administration, Inc.**
**PO Box 6848**
**Broomfield, CO  80021-0015**

**Name and Address Updates:**
*If your name or address is different from what is printed above,*
*please provide updated information below:*

| | | |
|---|---|---|
| First Name | MI | Last Name |

| | |
|---|---|
| Mailing Address | Apt/Unit |

| | | |
|---|---|---|
| City | State | ZIP |

**Signature**                    **Date**

____ ____ ____ - ____ ____ - ____ ____ ____ ____
**Social Security Number**    *(Required)*

*It is your responsibility to inform the Claims Administrator of any address changes until your benefit is received.*

**Questions?       Visit: www.[INSERT].com       Call toll-free: 1-855-326-5674**

**LEGAL NOTICE**     Settlement Stipulation Exh E
**CLASS ACTION SETTLEMENT**

**If you passed the 2006 written examination to become a Chicago Firefighter/EMT and failed the physical abilities test between December 2007 and April 2010, and you are female, you may be entitled to recover money under the settlement of a class action lawsuit.**

### What is This About?

In 2011, women who applied to become Chicago Fire Department firefighter/EMTs filed a lawsuit against the City of Chicago alleging that the physical abilities test used to hire firefighter/EMTs discriminated against women. In April 2013, the City and the women who filed the lawsuit, named *Vasich v. City of Chicago* (Case No. 11 CV 04843 in the U.S. District Court for the Northern District of Illinois), reached a settlement.

If you are included in the lawsuit, you may be entitled to recover money under the settlement.

### Who is Included?

Women who passed the 2006 written exam to become a CFD firefighter/EMT and failed the physical abilities test between December 2007 and April 2010 are included. Women who were disqualified for some other reason are not included. Women who applied for the job in 1995 are not included.

### How Does This Affect Me?

Class members who are under age 38 had the right to reapply for the job and will be hired if they pass a different physical test and meet other CFD hiring standards. Women age 38 and over or who aren't hired for any other reasons will receive money under the settlement if they file a claim before the deadline.

### Can I Still Reapply?

Women under age 38 should have received notice of the hiring process in April or May 2013. If you have not already reapplied, it is too late; but you will receive money under the settlement if you file a claim on time.

### Who Must File a Claim?

All women in the class who want to recover money must file a claim on time. This includes women age 38 or over, women who chose not to reapply, women who did not receive notice of the right to reapply, and women who were not hired by CFD.

### How Do I File a Claim?

To recover money you must mail a Claim Form to the Claims Administrator. You can download a Claim Form at www.[INSERT].com. You can also call the Claims Administrator toll-free at [INSERT] or call the lawyers representing class members at (312) 508-5380 for help.

### What's the Deadline?

If your Claim Form is not postmarked by **[INSERT]**, you will not be paid.

### Who Are the Attorneys Representing Class Members?

| David Borgen | Marni Willenson | Susan P. Malone |
|---|---|---|
| Oakland, CA | Chicago, IL | Chicago, IL |
| 510-763-9800 | 312-508-5380 | 312-726-2638 |

### How Do I Get More Information?

You can contact the Claims Administrator at 1-855-326-5674 or by visiting www._____.com. Many of the important documents related to the case are available on that website.

## Do not contact the court or the judge with questions about the lawsuit

**Questions? Call toll-free 1-855-326-5674 or visit www._____.com**