Case: 1:11-cv-04843 Document #: 171-1 Filed: 12/03/13 Page 1 of 12 PageID #:2241
Case: 1:11-cv-04843 Document #: 142-1 Filed: 09/05/13 Page 78 of 99 PageID #:1855
Final Approval Motion Exhibit 1                                    Settlement Stipulation Exh B

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA VASICH, RASHAUNDA DOOLEY, ANGELA MINNICK, JANIECE THEEKE, KATRINA BASIC, and JESSICA EVANS individually and on behalf of all others similarly situated, and KIMBERLY BAILEY, HAYLEY STAFEN, and JENNIFER ROCCASALVA, individually,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CITY OF CHICAGO, a municipal corporation,<br><br>*Defendant*. | Case No.: 1:11-cv-04843<br><br>Magistrate Judge Maria Valdez |

**FINAL JUDGMENT AND ORDER**

Plaintiffs Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic, and Jessica Evans (the "Settlement Class Representatives"), individually and on behalf of all others similarly situated, and Kimberly Bailey, Hayley Stafen and Jennifer Roccasalva, individually (the "Individual Plaintiffs") (collectively, "Plaintiffs"), and Defendant the City of Chicago ("Defendant"; collectively with Plaintiffs, the "Parties"), having filed a Motion for Final Approval of Class Action Settlement (collectively, the "Motion"), seeking an order granting final approval of the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") entered into by the Parties;

Plaintiffs having also filed the Affidavit of the Claims Administrator (the "CAA Affidavit") and the Affidavit of Settlement Class Counsel; due and adequate notice having been given to the Settlement Class; and the Court being otherwise advised;

After review and consideration of the Stipulation, the Motion, the CAA Affidavit, and the Affidavit of Settlement Class Counsel, all other pleadings filed with the Court and the Exhibits annexed thereto, any comments received regarding the proposed Settlement, and having reviewed the entire record in the Action and good cause appearing, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court, for purposes of this Final Judgment and Order (the "Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the Settlement Class Members, and Defendant.

3. The Court finds that the distribution of the Notice and Proof of Claim form, and publication of the Summary Notice of Proposed Class Action Settlement, as provided for in the Stipulation and Preliminary Approval Order, constituted the best notice practicable under the circumstances to apprise all persons within the definition of the Settlement Class of the pendency of the Action and their rights in it, the terms of the proposed Settlement of the Action, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement. The Court finds that the provision of notice to the Settlement Class Members fully met the requirements of Federal Rule of Civil Procedure 23(C)(2)(B), due process, the United States Constitution, and any other applicable law.

4. The Court provides final approval of the prior provisional certification of the Settlement Class, for settlement purposes, pursuant to FED. R. CIV. P. 23(b)(3) consisting of all females who passed the 2006 written qualifying exam to become a CFD firefighter/EMT, who failed the PAT between December 2007 and April 10, 2010, and who were not otherwise

2

previously disqualified as an applicant for a firefighter/EMT position with the CFD for a reason other than age.

5. Pursuant to FED. R. CIV. P. 23(b)(3), Samantha Vasich, RaShaunda Dooley, Angela Minnick, Janiece Theeke, Katrina Basic, and Jessica Evans are approved as Settlement Class Representatives.

6. With respect to the Settlement Class, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(b)(3) are satisfied as: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Class; (d) the Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

7. After hearing, and based upon the submission of the Parties, the Motion is granted. This Court approves the Settlement as set forth in the Stipulation, each of the releases, and other terms as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties to the Stipulation are therefore directed to consummate and perform its terms.

8. In addition, the Court specifically finds:

(i) The Settlement recovery is commensurate with, if not more so, than the strength of the claims of the Settlement Class.

(ii) Further litigation of the Settlement Class Members' claims would be complex (dispositive motion practice, expert practice, trial, determining which Settlement Class Members could actually recover), lengthy and expensive, and not at all certain to yield a positive result for the Settlement Class.

(iii) There is no indication of any collusion between Class Counsel and Plaintiffs acting as class representatives, on the one hand, and Defendant, on the other. This matter has been vigorously and ably litigated by both sides.

(iv) Settlement Class Counsel, experienced class action attorneys in this niche of the law, have expressed the view that the Settlement terms are fair.

(v) The Settlement Class Members who received appropriate notice have supported the Settlement. [Optional language, depending upon objections: No Settlement Class Members have objected to the Settlement.]

(vi) The stage of proceedings is highly appropriate for a class settlement. The Parties have taken discovery and litigated limited summary judgment issues, and thus have a good sense of the value of the case.

9. In order to consummate the terms of the Stipulation, the Court hereby authorizes and directs the Claims Administrator to make the following payments in accordance with the timing set forth below:

| **Payee** | **Amount** | **Purpose** | **Date** |

4

| Samantha Vasich | $15,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| --- | --- | --- | --- |
| Rashaunda Dooley | $15,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Angela Minnick | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Janiece Theeke | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Katrina Basic | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Jessica Evans | $10,000 | Incentive Award | No later than 60 days after the Settlement Effective Date |
| Angela Minnick | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Janiece Theeke | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Katrina Basic | $17,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Jessica Evans | $73,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Haley Stafen | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Kimberly Bailey | $42,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |
| Jennifer Roccasalva | $10,000 | Individual Backpay Award | No later than 60 days after the Settlement Effective Date |

10. The Defendant is directed as follows with respect to the Classwide Backpay Amount following the entry of this Final Judgment and Order:

(a) Within seven days of the Hiring Election Date, the Claims Administrator will determine the number of Non-Hired Settlement Class Members.

(b) The amount paid to each Claimant as a Non-Hired Settlement Class Member shall be calculated as follows: $1,590,023 divided by the number of Non-Hired Settlement Class Members who filed valid Proof of Claims rounded down to the nearest dollar.

(c) Payment shall be made to the Non-Hired Settlement Class Members no later than 60 days after the latter of (a) the Settlement Effective Date or the (b) Hiring Election Date.

11. The Defendant shall make a payment of Seventy-Five Thousand Dollars ($75,000) to be divided equally among Individual Backpay Recipients who held the rank of Paramedic in Charge prior to 2009 and who are hired in either the 2013 or 2014 Classes. The payment will be made no later than fifteen (15) days after the latter of (a) the entry of Crossovers into the 2014 Fire Academy Class or (b) the Settlement Effective Date. In the event that no Individual Backpay Recipient who holds the rank of Paramedic in Charge prior to 2009 is hired in either the 2013 or 2014 Class, the City shall pay Settlement Class Counsel Fifty Thousand Dollars ($50,000) as reimbursement for pretest training provided to Settlement Class Members but no other payment need be made under this paragraph.

12. As of the date of the entry of this Order, the Hiring Process set forth in Article VII.C as it relates to the 2013 Class has been completed. Defendant is directed to complete hiring of qualified Plaintiffs and Settlement Class Members for the 2014 Class pursuant to Article VII of the Stipulation and the following:

6

(a) Settlement Class Member hiring shall be subject to the City Ordinance § 2-152-410(e) limiting the hiring of firefighters to persons less than 38 years of age.

(b) Settlement Class Members who are New Hires selecting a CPAT Completion Date of December 31, 2013 (at the Second Stage Processing, or as modified pursuant to Article VII(C)(3)(b) of the Stipulation) shall have until December 31, 2013 to present their CPAT Cards.

(c) Settlement Class Members who are Crossovers and who selected the later CPAT Completion Date shall have until the first day of the 2014 Class to present a CPAT Card to CFD.

(d) All Settlement Class Members entering the 2014 Class must have successfully completed all Pre-Hiring Processing no later than fourteen (14) calendar days prior to Final Processing for the 2014 Class.

(e) All New Hires selecting a CPAT Completion Date of December 31, 2013 who present a CPAT Card by December 31, 2013 and who are deemed fully qualified pursuant to the Normal and Customary Hiring Standards will be hired into the 2014 Class.

(f) All Settlement Class Members who are Crossovers who selected the later CPAT Completion Date submit a CPAT Card by the first day of the 2014 Class and who are deemed fully qualified pursuant to the Crossover Hiring Standards will be hired into the 2014 Class.

13. After completion of hiring by CFD for the 2014 Class, the following process shall apply to the potential hiring of Deferred Settlement Class Members for a subsequent Fire

7

Academy class so long as the 2006 Eligibility List is being used to hire any candidates for the second 2014 Fire Academy Class:

(a) Settlement Class Member hiring shall be subject to the City Ordinance § 2-152-410(e) limiting the hiring of firefighters to persons less than 38 years of age.

(b) Deferred Settlement Class Members who are deemed qualified under CFD's Normal and Customary Hiring Standards and who present a CPAT Card no less than 60 days prior to the first day of a second 2014 Fire Academy Class will receive offers of employment from CFD to enter the second 2014 Fire Academy Class.

(c) In order to receive an offer of employment pursuant to Paragraph 13(b) above, however, each Deferred Settlement Class Member must elect in writing on or before the Hiring Election Date whether to (i) continue processing for possible hiring by the CFD as a Firefighter/EMT and waive any right to a Backpay Award, or (ii) receive a Backpay Award and waive any right to hiring by the CFD as a Firefighter/EMT.

(d) At least fourteen (14) prior to the Election Date, the City will provide Settlement Class Counsel with the names and Updated Addresses of all Deferred Settlement Class Members who will be required to make an election. A Deferred Settlement Class Member who elects to waive any right to hiring by the CFD or fails to timely make an election in writing is a Non-Hired Settlement Class Member.

In the event the City notifies Settlement Class Counsel that it does not intend to select and train another Fire Academy class consisting of applicants off of the 2006 Eligibility List but does thereafter hire another class consisting, in whole or

8

in part, of applicants off of the 2006 eligibility list, Deferred Settlement Class Members who elected to receive a proportionate share of the Classwide Backpay Amount shall be offered at such time the opportunity to continue processing for potential hire into the Fire Academy class subject to their repayment to the City of the net amount, if any, already received as a proportionate share of the Classwide Backpay Amount. Any funds recovered by the City pursuant to this paragraph shall be paid as a *cy pres* to the Ende, Menzer, Walsh & Quinn Retirees', Widows' and Orphan's Assistance Fund. Deferred Settlement Class Members processed under this paragraph and who are deemed qualified under CFD's Normal and Customary Hiring Standards and who present a CPAT Card no less than 60 days prior to the first day of a second 2014 Fire Academy Class will receive offers of employment from CFD to enter the second 2014 Fire Academy Class.

14. Defendant is directed to hire the Individual Plaintiffs and the Settlement Class Representatives who are deemed qualified pursuant to the Normal and Customary Hiring Standards or Crossover Hiring Standards (as applicable), and those Individual Plaintiffs and the Settlement Class Representatives shall not be deemed disqualified solely due to age and application of City Ordinance § 2-152-410(e).

15. The Court finds that all persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation.

16. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto)

Case: 1:11-cv-04843 Document #: 171-1 Filed: 10/08/13 Page 10 of 12 PageID #:2253

who have validly and timely requested exclusion from the Settlement Class, the Action, and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to Plaintiffs and other Settlement Class Members.

17. The Parties are to bear their own costs, except as provided in the Stipulation and specifically in Article XVI, which sets forth the Parties' agreement as to the resolution of attorneys' fees, costs and expenses for Settlement Class Counsel.

18. By operation of the Final Judgment and Order and under the terms of the Stipulation and releases therein, it is intended to preclude, and shall preclude, Plaintiffs and all other Settlement Class Members from filing or pursuing any Released Claims under federal law or the law of any state.

19. Plaintiffs and the Settlement Class Members are deemed to have, and by operation of the Final Judgment and Order shall have fully, finally, and forever released, relinquished and discharged all Released Claims against each and all of the Released Parties, whether or not such member of the Settlement Class executed or timely delivered the Proof of Claim.

20. Only those Settlement Class Members who have filed valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund. The Proof of Claim executed by the Settlement Class Members shall further release all Released Claims against the Released Parties. All Settlement Class Members shall be bound by the releases whether or not they submit a valid and timely Proof of Claim.

21. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement including this Final Judgment and Order (i) is or may be deemed to be or may be used as an admission of, or

Case: 1:11-cv-04843 Document #: 171-1 Filed: 12/05/13 Page 11 of 12 PageID #:2254

evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendant; or (ii) shall be offered in evidence by any Party for any purpose except as provided for in this paragraph. In addition, neither the Stipulation, nor the Settlement, nor any act performed or document executed to or in furtherance of the Stipulation or the Settlement including this Final Judgment and Order shall be construed as an acceptance or endorsement of the CPAT by the Individual Plaintiffs or Settlement Class Representatives for themselves or the Settlement Class or by the Court for any purpose or use other than its interim use as a term and condition of the Stipulation [THE FOLLOWING LANGUAGE DISPUTED (PROPOSED BY PLAINTIFFS/REJECTED BY CITY): and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of an acceptance or endorsement of the CPAT for use in employee selection or retention]. The Released Parties may file the Stipulation and/or the Final Judgment and Order in any other action that may be brought against them in order to support a defense based upon principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense. The Parties may file the Stipulation in any proceeding brought to enforce any of the terms or provision of the Stipulation.

22. Only those persons who meet the definition of the Settlement Class identified on Exhibit 1 hereto as having validly filed Requests for Exclusion from the Settlement Class shall not be bound by this Final Judgment and Order.

23. Any order, or any objection to or appeal from any order approving Settlement Class Counsel's Attorney's Fees or incentive payments to Plaintiffs, shall in no way disturb or affect this Judgment and shall be considered separate from this Order.

24. The Court finds that the amount paid and other terms of the Settlement were

negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

25.     The Court finds that there is no just reason for delaying enforcement of this Order.

26.     [THIS PARAGRAPH DISPUTED (PROPOSED BY PLAINTIFFS/REJECTED BY CITY): The Court retains jurisdiction for monthly status hearings, as scheduled by the Court, until the hiring process is complete.]

By the Court:

_____

Hon. Maria Valdez, Magistrate Judge

Dated: