IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA VASICH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 11 C 4843 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Maria Valdez |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Plaintiffs' motion for final approval of class action settlement. (Doc. No. 171.) For the reasons that follow, the motion for final approval is granted in part and denied in part.

BACKGROUND

On April 11, 2013, the parties reached a settlement agreement. (Doc No. 127.) In subsequent months, the parties negotiated several disputes before this Court, agreeing in principal to the major terms of the settlement on July 18, 2013. (Doc. No. 139.) On September 4, 2013, the parties consented to the jurisdiction of this Court for all matters related to the case. (Doc. No. 141.) On December 3, 2013, Plaintiffs submitted their Motion for Final Approval of Class Action Settlement,

(Doc. No. 171), along with a Proposed Final Judgment and Order, (Doc. No. 171-1), and a memorandum in support of both documents (Doc. No. 173.) Defendants filed an objection to Plaintiff's motion (Doc. No. 174.)

## DISCUSSION

### I. Approval of the Settlement.

Based on the fairness hearing at which the parties' counsel appeared, as well as on their representations, the parties' written submissions, the lack of any objections as to the general contours of the settlement agreement, and the entire record in this case, the Court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure, Rule 23.

### II. Disputed Matters With Respect to the Proposed Judgment Order.

The present disagreement stems from disputed language in the Proposed Final Judgment and Order. The vast majority of the Proposed Final Judgment and Order was agreed upon by the parties prior to submission by Plaintiffs. However, Plaintiffs added two bracketed sections of disputed text: (1) A sentence in Paragraph 21, stipulating that the settlement and the final order cannot be used as evidence as an acceptance or endorsement of the Candidate Physical Abilities Test ("CPAT") (the physical fitness examination the Settlement Class must pass to become firefighters); and (2) Paragraph 26, which states that "[t]he Court retains jurisdiction for monthly status hearings, as scheduled by the Court, until the hiring

2

process is complete." (Pls.' Mot. Ex. 1). The parties appear to have no further disagreements regarding the substance of the Proposed Final Judgment and Order.

### a. **Plaintiff's disputed addition, Paragraph 21.**

Plaintiffs argue that the first section of disputed language contained in Paragraph 21 of the Proposed Final Judgment and Order is necessary to prevent future litigants from presenting the settlement as evidence in favor of the CPAT when Plaintiffs have not expressed an endorsement of the test and have only consented to its use due to Defendant's suggestion. (*See* Mem. in Supp. of Pls.' Mot. at 11-12.)

Defendant responds that the other operative language in that section forbidding the use of the Settlement as an indication of acceptance by the Plaintiffs or Settlement Class (Pls.' Mot. Ex.1, at ¶ 21) was included in the Proposed Final Order because it was copied from the parties' final Settlement Agreement. Defendant's primary objection to this new language is that it was not discussed and agreed upon during settlement negotiations and therefore represents a unilateral change by Plaintiffs.

The Court finds that the proposed addition to Paragraph 21 is unnecessary to effectuate the intended outcomes of the Settlement Agreement. As written, Paragraph 21 states that "neither the Stipulation, nor the Settlement, nor any act performed or document executed to or in furtherance of the Stipulation or the Settlement including this Final Judgment and Order shall be construed as an acceptance or endorsement of the CPAT" by Plaintiffs, the Settlement Class, or the

3

Court. (Pls.' Mot. Ex.1, at ¶ 21.) This language immediately a statement that "[n]either the Stipulation, nor the Settlement . . . shall be offered in evidence by any Party for any purpose except as provided for in this paragraph." (*Id*.) The Court finds that this language is sufficiently broad to address Plaintiffs' concerns. For this reason, the Court declines to include Plaintiffs' proposed addition to Paragraph 21.

  b. **Plaintiff's disputed addition, Paragraph 26.**

Next, Plaintiffs argue that their second addition to the Proposed Judgment and Final Order, Paragraph 26—which expressly provides for the Court to retain jurisdiction for purposes of monthly implementation hearings—should be included because it comports with the language of Article XVIII of the Settlement Agreement. Plaintiffs contend that the added stipulation proposed in Paragraph 26 is necessary to ensure that required monthly status hearings continue until the hiring process is complete, as originally envisioned by the Settlement Agreement. Defendant disputes that this Court would have the jurisdiction to hold any scheduled hearings after the case is dismissed with prejudice.

Plaintiffs assert that this Court could maintain jurisdiction, even if the case is dismissed with prejudice, if Paragraph 21 is contained in the Final Order. Invoking the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994), Plaintiffs say that this Court may exercise its ancillary jurisdiction over a dismissed case. In *Kokkonen*, the Court held that "where the dismissal order neither incorporated the parties' settlement agreement nor expressly retained jurisdiction over it, the court lack[s] ancillary jurisdiction to

enforce it and any action for breach of the agreement belong[s] in state court." *Id.* The court further stated that in general, ancillary jurisdiction exists "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees ." *Kokkonen*, 511 U.S. at 379-80 (internal citations omitted).

     Defendant counters that a dismissal without prejudice is the only avenue for this Court to maintain jurisdiction for the contemplated monthly status hearings they agreed to submit to as part of the settlement agreement.[1] Relying on *Dupuy v. McEwen*, 495 F.3d 807 (7th Cir. 2007), *Blue Cross & Blue Shield Association v. American Express Co.*, 467 F.3d 634 (7th Cir. 2006), and similar cases, Defendant asserts that Seventh Circuit precedent prohibits this Court from mandating that the parties appear for monthly status hearings after the entry of a final judgment with prejudice, regardless of whether the monthly implementation hearing language is included in the Final Judgment Order. (Def.'s Resp. at 3.)  Defendant argues that this Court retains jurisdiction to enforce only those terms of the Settlement Agreement that are specified in the Final Order which would operate within Rule 65(d) as injunctive relief. (*Id.*) Defendant believes that a statement

---

[1] The settlement agreement calls for a dismissal with prejudice upon final approval. And a dismissal without prejudice would delay payment to the class, because Defendant does not have to pay Plaintiffs the monetary amounts agreed to until the case has been dismissed with prejudice.

mandating monthly status hearings would be beyond the scope of this Court's allowable jurisdiction to enforce its Final Judgment and Order. (*Id.* at 4.)

Defendant correctly states the Seventh Circuit's position with regard to a district court's continued exercise of jurisdiction over the enforcement of a settlement agreement after the attendant suit has been dismissed with prejudice. "[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy*, 495 F.3d at 809.

To this end, Plaintiff's suggestion during the December 5, 2013 motion hearing that *dicta* from *Kokkonen* controls is misplaced insofar as the law has developed to the contrary in this Circuit. As stated by the Seventh Circuit in *Shapo v. Engle*:

> We know from *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), that a district court does not have jurisdiction to enforce a settlement agreement merely because the agreement was the premise of the court's dismissal of the suit that the agreement settled. And therefore, as we explained in *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002), a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice. (An exception is the inherent power of a court that has issued an injunction, even if that injunction ended the lawsuit, to enforce it, as by contempt proceedings. *E.g.*, *United States v. City of Chicago*, 870 F.2d 1256, 1257 (7th Cir.1989).

463 F.3d 641, 643 (7th Cir. 2006). Defendant recognizes that the terms of the Court's Final Judgment and Order comply with Rule 65 of the Federal Rules of Civil Procedure by explicitly stating the terms of the judgment and describing in

6

"reasonable detail" the acts that are required of those parties and those which are prohibited. *See* Fed. R. Civ. P. 65(d). Hence, the Court will have jurisdiction to enforce those terms.

Although the Court finds that it retains contempt power to resolve alleged violations of the terms of its Final Judgment and Order, the Court declines to include language requiring the parties to appear for monthly status hearings pertaining to whether the parties have complied with its Order. First, such language does not automatically confer any jurisdiction upon this Court. It is true that the Supreme Court in *Kokkonen* held that a judgment explicitly incorporating the settlement, or reserving authority to enforce the settlement, confers ancillary jurisdiction to the court to enforce that settlement. *Kokkonen*, 511 U.S. at 381–82. But the Seventh Circuit has made it equally clear that a court may not dismiss a case with prejudice and retain jurisdiction to enforce a settlement agreement in the same breath. *Bond v. Utreras*, 585 F.3d 1061, 1079 (7th Cir. 2009) (citing *Kokkonen*, 511 at 381); *Shapo,* 463 at 643; *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated."); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) (retaining jurisdiction to enforce a settlement agreement means that "the suit has not been dismissed with prejudice") (emphasis omitted); *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002)

("[O]nce a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal.").

Although the parties contemplated monthly compliance hearings in the settlement agreement, the parties' ability to file a motion pursuant to Rule 65(d) in the event of noncompliance will provide a sufficient mechanism for enforcement moving forward. Federal courts have inherent power to enforce an injunction through contempt proceedings. *Shapo,* 463 F.3d at 644.

Because the parties have agreed upon all other terms appearing within the Proposed Final Order, the Court grants approval as to those terms.

## **CONCLUSION**

For the foregoing reasons, the Court will strike the following language from the Paragraph 21 of the Proposed Final Judgment and Order:

> and shall not be offered or received in evidence in any action or proceeding or be used in any way as an admission, concession, or evidence of an acceptance or endorsement of the CPAT for use in employee selection or retention.

The Court will also strike Paragraph 26 of the Proposed Judgment and Order. The remainder of the Order will be entered as it was submitted by the Parties.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:  December 20, 2013**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**